SOUTH PLATTE LAND COMPANY, PLAINTIFF IN ERROR, V. BUFFALO COUNTY, JOSEPH SCOTT, TREASURER, AND THE CITY OF KEARNEY, DEFENDANTS IN ERROR.

1. **Town Sites:** PLAT. Under the town site act of 1866, the county commissioners of B. county, upon a proper petition being presented to them for that purpose, incorporated the town of K., to include certain boundaries, *Held*, That their action incorporating the town was not void although certain lands not platted were included.

2. ———: ———: TAXES. The town of Kearney was incorporated in 1872, and included in its boundaries sixteen sections of land. It was organized as a city of the second class in December, 1873, and divided into three wards. In 1882 the plaintiff commenced an action to enjoin the city taxes upon its lands adjoining the city proper, and portions of which lands had been sold for city purposes, the sole grounds for the injunction being that the lands in question were not platted at the time of the incorporation of the town. *Held*, That the action could not be maintained.

ERROR to the district court for Buffalo county. Tried below before GASLIN, J.

*Marquett, Deweese & Hall*, for plaintiff in error.

*E. M. Cunningham*, for Buffalo County and Scott, Treasurer, and *J. E. Gillespie*, for City of Kearney, defendants in error.

MAXWELL, J.

This is an action to enjoin certain taxes levied by the city of Kearney upon sec. 31, t. 9, r. 15, sec. 11, t. 8, r. 16, sec. 2, t. 8, r. 16, in Buffalo county, it being alleged in the petition that said land is not within the limits of Kearney City. On the trial of the cause in the court below there was a finding and judgment for the defendant. The plaintiff brings the cause to this court by petition in error.

To sustain the action in the court below, the plaintiff, with other evidence, offered the following:

"GIBBON, NEBRASKA, Nov. 30th, 1872.

"Adjourned meeting board of county commissioners. Present, Commissioners McClure, Walsh, and Crowell. Minutes of meeting of Nov. 26th were read and approved. Petition of citizens of Kearney Junction praying to be incorporated into a town to be known as Kearney, to include the following described lands, viz.: Secs. 1, 2, 3, 10, 11, 12, township 8, range 16, and secs. 24, 25, 26, 27, 34, 35, and 36, township 9, range 16 west, and secs. 6 and 7, township 8, range 15, and secs. 30 and 31, township 9, range 15, and also the territory extending southward from the main land in front of said secs. 10, 11, and 12, town 8, range 16, and sec. 7, town 8, range 15, of the same width to channel of the Platte river was received, and on motion agreed to, and the appointment of the following trustees ratified: John Mahon, S. B. March, L. R. More, E. B. Carter, J. H. Chandler." Also an order for the incorporation of the town of Kearney, in which are the following recitals: "And said board being satisfied that said petition was signed by a majority of the taxable inhabitants residing within said limits or boundaries at the date thereof, and it appearing to said board that said inhabitants ought of right to be incorporated into a town with said boundaries, with a police established for their local government, it is therefore ordered that the inhabitants residing within the following limits or boundaries [giving the same descriptions of land as above set forth] are hereby declared to be an incorporated town, and from henceforth they shall be a body politic and corporate by the name and style of the town of Kearney," etc.

It appears from the testimony of Mr. Hamer, a witness called by the plaintiff, that the entire population of Kearney at that time would not exceed three hundred; that about one-half of these persons were residing on section

one, and the others on two adjoining sections. Section one appears to have been platted, and also a portion of an adjoining section, but the remaining sections were vacant or claimed and cultivated largely by persons who were doing business in the town. The town was incorporated under the act of 1866, sec. 1 of which reads as follows: "If a majority of the taxable inhabitants of any town within this territory shall present a petition to the commissioners of the same county in which said town is situated, praying that they may be incorporated, and a police established for their local government, designating the name they wish to assume, and if such commissioners shall be satisfied that a majority of the taxable inhabitants of such town have signed a petition, they may declare the town incorporated, and thenceforth the inhabitants within such bounds shall be a body politic and corporate by the name and style of the town of [naming it], and they and their successors shall be known by that name in law, and have perpetual succession, sue and be sued, defend and be defended in all courts of law and equity, and may grant, purchase, hold, and receive property, both real and personal, within such town, and lease, sell, and dispose of the same for the benefit of the town," etc. Rev. Stat., 379. A new act was passed in 1873, to which it is unnecessary to refer. In December, 1873, the town of Kearney with the above boundaries was organized as a city of the second class and divided into three wards; and such organization has continued to the present time. It appears from the testimony that since the organization of the city all of sections 35 and 36 have been platted into lots; that the high school is situated on section two, and that two tracts of about ten acres each have been sold on that section; and that a portion of section 12 has been sold in lots. Upon this testimony we are asked to cienjoin the city taxes upon the plaintiff's land. The prinpal ground upon which relief is sought is, that the act of the commissioners in including land outside of that surveyed

and platted was unauthorized, and section 42 of the act is cited to sustain that position.    There is no doubt the owners of land not platted may object to such land being included within the boundaries of the corporation, and in a proper proceeding for that purpose may have it excluded. But if the boundaries of a town are extended over agricultural lands on the petition of the owner, or with his tacit assent, and have included such lands without objection for ten or twelve years, there must be some equitable ground for an injunction, aside from the mere fact that the lands were improperly included in the town site.    The petition for incorporation gave the commissioners jurisdiction, and there is no allegation or claim of fraud on their part, and their action cannot be attacked in this collateral manner. We do not decide that the occupants of a town can by petition take in territory in which they have no interest and attach it to a town.    But in this case the inhabitants of the town proper seem to have been to a great extent the settlers on the adjoining territory, and to have approved of the enlarged boundaries.    The policy of such annexation is not to be commended.    The plaintiff made no objection to this annexation, and has received all the benefits to be derived from the same, which, as its lands adjoin the platted and settled portion of the town, must be considerable, and has failed to show any equitable ground for enjoining the taxes named.    The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.