HIRAM COE v. JAMES L. GREGORY.

*Collateral questions.*

In replevin for property duly seized by a village marshal in satisfaction
of a municipal tax regularly assessed, the validity of the village
organization and of the charter under which it has acted without
question for a dozen years, cannot be considered.

Error to Barry. (Hooker, J.) Jan. 17—March 6.

REPLEVIN. Plaintiff brings error. Affirmed.

*Huggett & Smith* and *Clement Smith* for appellant.

*Knappen & Van Arman* and *James A. Sweezey* for appellee. If an incorporation act is unconstitutional, the fact cannot be collaterally set up: 1 Dill. Mun. Corp. (3d ed.) § 43; *St. Louis v. Shields* 62 Mo. 247; Cooley Const. Lim. 312; *Geneva v. Cole* 61 Ill. 397; and after a re-incorporation has been relied on for several years, it cannot be collaterally questioned in a suit to recover property seized for taxes: 1 Dill. on Mun. Corp. § 43; Cooley's Const. Lim. 311; *People v. Maynard* 15 Mich. 470; *Clement v. Everest* 29 Mich. 22; *Stuart v. Kalamazoo* 30 Mich. 70; *Bird v. Perkins* 33 Mich. 29; *Hill v. Wright* 49 Mich. 230.

SHERWOOD, J. This is an action of replevin, to recover for the value of property taken by the marshal of the village of Nashville, to satisfy a tax for the year 1882, levied upon the property of the plaintiff by virtue of a warrant issued by the authorities of the village in pursuance of Act No. 179, Laws 1873. No question arises upon the pleadings. The case is before us upon findings of fact and law solely.

The court finds the defendant was marshal at the time the suit was commenced, and as such was engaged in collecting the taxes for the village under his warrant, duly issued upon an assessment properly and regularly made, according to the provisions of the act above mentioned, for the collection of the tax assessed against the plaintiff, and upon which the

defendant seized and held the property at the time the writ was sued out against him in this suit; that the village of Nashville was incorporated in 1869; and that in March and April, 1879, the election of officers of said village took place, and the action contemplated in sections 14 to 21, inclusive [of ch. i] of Act No. 179, Laws 1873, for re-incorporation, was had, and the declaration of re-incorporation duly filed April 16, 1879, under the act; that ever since that time all the functions of said village have been performed under the provisions of the last-named act; that the warrant was signed by the assessor and president of the village, and directed to the marshal thereof, dated November 29, 1882, and was otherwise in form as required by section 7 [of ch. xxvi] of said Act No. 179; that the assessment roll and warrant were apparently a compliance with the act; and that plaintiff refused to pay his tax when demanded by the collector before suit was brought.

The following are the findings of law upon the facts:

"1st. The action of the electors and officers of said village so had in March and April, 1879, had the effect of adoption by said electors and officers, under color of law, of a special charter containing the provisions of, and with the powers conferred or attempted to be conferred by, said Act No. 179 of the Laws of 1873."

"2d. Said act was not, so far as the re-incorporation of villages is concerned, repealed by implication by the General Village Act of 1875."

"3d. An inquiry into the validity of said Act No. 179 involves an inquiry into the validity of the re-incorporation of said village, and cannot be determined in this case."

"4th. Defendant did not unlawfully detain plaintiff's property described in the writ in this cause, and defendant had at the commencement of this action, and still has, by virtue of said levy, a lien upon said goods and chattels to the amount of $91.80, and he is entitled to judgment therefor, and for costs of this suit."

Judgment was accordingly entered for the defendant for the amount of the tax, with costs of the suit.

The plaintiff's counsel claims that the facts are insufficient to support the judgment; that the proceedings by which his

property was taken were not authorized by any law of this State; that the only valid charter of Nashville was that of 1869; and that the law of 1873 (under which a re-incorporation is claimed) is unconstitutional, and the tax proceedings on their face are void.

We do not think the position of plaintiff's counsel tenable. The circuit judge very properly declined to consider the constitutionality of the law of 1873.

The law of 1869, under which the first organization of the village was had, made the marshal collector of taxes. 2 Sess. L. 1869, p. 850, Act 356, sec. 27. Under an amendment to the charter of the village (Act 20 of 1872, p. 45, § 43), it was made the duty of the treasurer of the village to collect the taxes. The reorganization took place under the general law of 1873, under which the marshal was again required to collect all taxes levied by the village (Act 179 of 1873, p. 391, ch. vi, § 17); and a provision making the same requirement is contained in the law of 1875, which it is claimed repeals the law of 1873. Pub. Acts of 1875, p. 77, Act 62, ch. ix, § 14.

The plaintiff claims that the law of 1873 was not in force when the reorganization took place, and that it was unconstitutional; and that the authority of the defendant depended upon its validity. This substantially denies the corporate existence of the village. If the law is valid under which the taxes are levied, there is no showing or pretense but that the proceedings to the sale of the property are regular, and the taxes assessed reasonable and authorized.

It appears that the village of Nashville has been acting in its organized capacity as a village for the last twelve or thirteen years under the laws of the State passed for that purpose; and the circuit judge finds that the taxes for 1882 were regularly assessed and spread under the laws governing said village, and that the warrant attached to the roll, commanding the marshal to collect the tax against the plaintiff, was in pursuance of said laws and regular and fair on its face, and the levy was made in accordance with law. It does not appear that any person except this plaintiff has ever

questioned the validity of the village organization, and it has several times been recognized by the Legislature of the State. The corporate organization of a village and the validity of the charter cannot be attacked in this collateral manner. This has been substantially decided by this Court heretofore.

We do not regard the case as calling for a decision upon the question of the effect of the law of 1875 upon that of 1873.

The finding of the circuit judge is sufficient to support the judgment rendered at the circuit, and it must be

Affirmed with costs.

The other Justices concurred.