## Cleveland, C., C. & St. L. Ry. Co. v. Walter Dunn.

1. CORPORATE LIMITS—*Presumptions as to in Collateral Proceedings.* —Corporate limits, when involved in a suit against a railroad company for killing domestic animals, are presumed to embrace all territory within the actual limits and over which the city exercises jurisdiction for city purposes under claim of right to do so.

2. SAME—*Not to be Determined in Collateral Proceedings.*—A court can not, in a suit against a railroad company for an alleged killing of domestic animals within the limits of a city, determine whether or not the city has lawfully exercised its power to extend its boundaries. Such matters can be determined only in a direct proceeding.

**Trespass on the Case,** for killing domestic animals. Appeal from tha Circuit Court of Coles County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

GEORGE F. McNULTY and NEAL & WILEY, attorneys for appellant.

JAMES W. CRAIG, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT. This is an appeal from a judgment rendered in favor of the appellee for the value of a mare which was struck and killed by a train of the appellant company.

One count in the declaration charged the animal was in the city of Charleston when killed, and that the train was running at a higher rate of speed than was lawful under an ordinance of the city.

The only matter in dispute under this count was whether the place where the mare stood when she was struck by the engine is in the limits of the city, in all other respects liability being fully established by the proof.

She was standing at the time upon a crossing of one of the streets of the city and the track of the railroad, but the appellant contends the street is located upon a strip of ground adjoining but outside the boundary line of the city as established by the charter under which the city is organized, and that the strip has not been legally annexed to the city.

It was proven, and without contradiction, the city obtained possession of the strip in question nearly thirty years ago, and then made a street upon it, and has since then worked and maintained the street and devoted it to public use as a street, and that it became and was a part of the city in point of fact.

The crossing in question was within the *de facto* limits of the city, and the regularity of its annexation can not be raised or determined in such an action as the one at bar, but only in a direct proceeding.

Nor can the court in a case such as the one at bar determine whether or not the city had lawfully exercised its power to extend its boundaries.

The general statutes of the State authorize the organization of cities, towns and villages, and empowers such corporations to make additions to their territory; and here we find a *de facto* city.

The validity of its organization or of the manner in which it extended its boundaries can not be determined in such an action, but the conclusive presumption obtains that the *de facto* city is a city *de jure*, and its *de facto* limits are its limits *de jure*.

Corporate limits, when as here involved, are presumed

to embrace all territory within the actual limits and over which the city exercises jurisdiction for city purposes under claim of right to do so.

Speaking upon the point the Supreme Court of Iowa, in the case of The City of Albia v. O'Hara, 5 Amer. & Eng. Corp. Cases, p. 326, said : "We can not try the legality of the proceeding (to annex territory) in a case like this. Whatever territory the city maintains jurisdiction over must be regarded, we think, *de facto* corporate territory. If the right of jurisdiction is to be tested it should be done by a proceeding that would be binding upon all, and final. The judgment must be and is affirmed."

This opinion is rendered upon a petition for a rehearing. The opinion upon which a rehearing was asked was open to the construction that the presumption a city has lawful right to exercise jurisdiction within its *de facto* limits, is *prima facie* only, and a rehearing was asked in order that counsel might be heard to direct the attention of the court to a special charter, granted the city of Charleston, by, as counsel contend, a "public act" of the general assembly, certain clauses of which act counsel insist operate to overcome such *prima facie* presumption.

We observe this charter authorizes the extension of the corporate limits under certain circumstances and the conclusive presumption arises it extended its limits in accordance with such provisions or under the provisions of the general statutes of the State authorizing the annexation of territory by an incorporated city, town or village, whether incorporated under the general law or by a special statute.

Entertaining the views as expressed in this opinion, that the validity of the act of the city in extending its *de facto* limits can not be raised or determined in this proceeding, we have denied the motion for a rehearing, and in order that no misapprehension may exist as to our judgment of the rule of law involved, have caused this opinion to be substituted for the former opinion in the case. Judgment affirmed.