ELIAS SAGE ET AL., APPELLEES, V. CITY OF PLATTSMOUTH ET AL., APPELLANTS.

FILED MAY 19, 1896. No. 8027.

1. **Municipal Corporations: EXTENSION OF BOUNDARIES: TAXES: INJUNCTION.** Where the officers in whom power is vested generally to define or extend the boundaries of a city have undertaken to extend its boundaries, the owner of land so incorporated cannot, at least after the lapse of a number of years, maintain an action for the purpose of restraining the collection of city taxes, on the ground that there was no authority to incorporate the particular land in question. *South Platte Land Co. v. Buffalo County*, 15 Neb., 605, followed.

2. **Review: SUFFICIENCY OF PETITION.** The sufficiency of the petition to state a cause of action may be challenged at any stage of the proceedings, even in this court on appeal.

APPEAL from the district court of Cass county. Heard below before CHAPMAN, J.

*John A. Davies*, for appellants.

*Beeson & Root, contra.*

IRVINE, C.

The petition of Elias Sage and Caroline Sage, his wife, plaintiffs, against the city of Plattsmouth and Louis

Eickhoff, treasurer of Cass county, defendants, in brief alleged that the city of Plattsmouth was originally incorporated by a special act of the territory of Nebraska in 1855, which act defined the limits of the city and conferred no power to extend such limits; that this act was amended in 1866 so as to include certain other territory, but without conferring power upon the city to further extend its limits; that the plaintiffs are the owners of certain land described in the petition, occupied by them as a homestead, used as one tract for agricultural purposes alone; that neither said lands nor the plaintiffs receive any benefit from the city of Plattsmouth, and that the city affords them neither water nor gas or electric lights; nor does it afford them police protection; that the city, without the knowledge or consent of the plaintiffs, in March, 1887, passed an ordinance defining the limits of the city and including therein plaintiffs' land, and caused a copy of said ordinance to be recorded in the office of the register of deeds; that none of the said land had ever been laid out into lots or blocks; that city taxes had been assessed and levied upon said land from and after 1887 every year, casting a cloud upon the title thereof; that the defendant, the county treasurer, was about to advertise and sell said land for said city taxes. The prayer was that the ordinance of 1887 be declared null and void in so far as it attempts to include plaintiffs' land within said city; that the cloud cast upon plaintiffs' title by the passage of said ordinance be removed; that all city taxes levied upon said lands be declared void, and that the treasurer and his successors be enjoined from collecting any city taxes whatever upon said land. The treasurer answered by a general denial; the city by a general denial, coupled with an averment that the land described was lawfully incorporated within the city. There was also an issue raised as to the classification of the city, the plaintiff contending that it was a city of the second class having more than 1,000 inhabitants, and governed by chapter 14, article 1, Compiled Statutes, and

the defendants contending that it was a city of the second class having more than 5,000 inhabitants, and governed by chapter 14, article 2, Compiled Statutes. The court found that it was a city of the latter class, but found on other issues generally in favor of the plaintiffs, and entered a decree in accordance with the prayer of the plaintiffs' petition. The defendants appeal.

We cannot in this proceeding investigate and determine the principal question sought to be litigated. In *South Platte Land Co. v. Buffalo County*, 15 Neb., 605, it was sought to enjoin the collection of certain taxes levied on behalf of the city of Kearney upon certain land within the established limits thereof. The injunction was sought upon the ground that the land taxed was agricultural land which had not been surveyed and platted into lots. The court said: "There is no doubt the owners of land not platted may object to such land being included within the boundaries of the corporation, and in a proper proceeding for that purpose may have it excluded; but if the boundaries of a town are extended over agricultural lands on the petition of the owner, or with his tacit assent, and have included such lands without objection for ten or twelve years, there must be some equitable ground for an injunction aside from the mere fact that the lands were improperly included in the town site." The injunction was therefore refused. It is true that nothing appeared in that case except that the lands had not been platted into city lots; and the language quoted, taken by itself, implies that an injunction might be granted where other grounds for equitable relief appear. But in *McClay v. City of Lincoln*, 32 Neb., 412, the plaintiffs had paid certain city taxes under protest, and brought the action to recover back the money, alleging generally the same grounds for relief as are here alleged. The court said: "While it is probably true that the action of the commissioners in taking the ground into the boundaries of the town was unauthorized under section 40 of chapter 14, Compiled Statutes, and would not have been

conceded by the courts, at that day, as a legal proceeding, had a proper case been made and brought to issue, and while the commissioners themselves might have changed their action under an immediate protest of the owner or the agent of the land, it would now seem too late, from the lapse of time, incompetency of the courts, and from continuous usage and custom, to set aside their action in the present proceeding, collateral to it only in the assessment of taxes." *State v. Dimond,* 44 Neb., 154, was an action in the nature of *quo warranto* to test the legality of the incorporation of the city of College View. The court said: "An examination of the subject is necessarily incomplete which omits a reference to another aspect thereof, viz., that suggested by *South Platte Land Co. v. Buffalo County,* 15 Neb., 605, *McClay v. City of Lincoln,* 32 Neb., 412, and *Lancaster County v. Rush,* 35 Neb., 120. It was therein held that an action will not lie to enjoin the collection of taxes levied upon agricultural property within the boundaries of a city or village, or for the recovery of such taxes paid under protest. The validity of the incorporation, although apparently presented by the argument in each case, was not decided, the court holding that it could not be questioned in a collateral proceeding. * * * The views herein expressed are not only consistent with the doctrine of those cases, but a careful reading of them suggests the conclusion which we have reached." The cases cited control that before us. The effect of those cases is that the incorporation, although it may not have been authorized by the charter of the city or by general law, was not void and could not be attacked in a collateral proceeding. The case must be distinguished from *State v. Dimond, supra,* which was a direct proceeding by *quo warranto* to investigate the legality of the incorporation, as was also *State v. Uridil,* 37 Neb., 371. It must also be distinguished from *City of Wahoo v. Dickinson,* 23 Neb., 426, *Village of Hartington v. Luge,* 33 Neb., 623, and *City of Wahoo v. Tharp,* 45 Neb., 563. These were proceedings under section 99, article 1, chapter 14,

40

Compiled Statutes, relating to cities of the second class having less than 5,000 inhabitants and to villages. Under this section proceedings for annexation are begun by a resolution of the council declaring on the question of such annexation of territory, and if such resolution be adopted by a two-thirds vote the city or village presents to the district court a petition praying for the annexation. Notice is served on the owners of territory sought to be included. Issues are joined and the case tried on the question of annexation. Under the authorities cited this statute makes the annexation in such cases to a large extent a judicial question; and these cases were direct proceedings under the statute involving that question; but, as pointed out in *City of Hastings v. Hansen*, 44 Neb., 704, in the absence of statute the annexation of territory to a municipal corporation is a legislative and not a judicial proceeding; and section 99 above cited is not applicable to cities of the second class having more than 5,000 inhabitants. Whether Plattsmouth is governed by article 1 or article 2, chapter 14, Compiled Statutes, is immaterial to the case at bar. All the cases where the propriety of an incorporation has been inquired into have been cases relating to cities governed by article 1 aforesaid, or else they have been proceedings in *quo warranto* to test the legality of the incorporation. In *South Platte Land Co. v. Buffalo County, supra,* and in *McClay v. City of Lincoln, supra,* some stress was laid upon the length of time during which owners of land had acquiesced in the proceedings of the authorities attempting the incorporation. We do not undertake here to say whether or not that is a controlling feature, because in this case the incorporation was attempted in 1887, and suit was not brought until 1894. During all this time, according to the plaintiffs' own averments, during each of the intervening years, city taxes had been levied upon their land. So that if the former cases in any degree rested upon the ground of laches or estoppel, the same features apply to this case.

It is suggested in the brief of appellees that no question was raised in the district court as to the propriety of the relief sought or procedure adopted, and that therefore none can now be raised.   We entertain no doubt that the question now presented was not called to the attention of the learned district judge; but it goes to the sufficiency of the petition, and this can be raised at any time.   The incorporation of cities and the method of annexing territory is now governed by general law, so that the pleading of the special charters does not control the case.   It is probable that the rule stated should be limited to cases where the annexation has been by the officers or body vested by such general law with the power of determining or extending the city's boundaries.   Whether it would extend to other cases is a question not herein involved.

REVERSED AND DISMISSED.