STATE OF NEBRASKA, APPELLEE, v. SEVERAL PARCELS OF LAND ET AL., APPELLANTS.

FILED NOVEMBER 9, 1907. No. 14,747.

1. Cities: ORDINANCES: VALIDITY. An ordinance of the city of Plattsmouth recited that it was passed under and by virtue of an act which was afterwards declared unconstitutional. Irrespective of the power granted by the unconstitutional law, the city council had the power under the previous statute to enact the ordinance. *Held*, That the mistake in reciting the power to act did not operate to deprive the city council of the power which it actually had under the existing law.

2. Taxation: TAX SUIT: PLEADING. In an action under the scavenger

law for the collection of delinquent city taxes, the presumption is that the tax was legally levied and assessed, and the burden is upon the defendant to plead and prove affirmatively facts showing the lack of authority upon the part of the city authorities to levy the tax.

3. Cities: INCORPORATION: ANNEXATION OF TERRITORY: COLLATERAL ATTACK. Where the existence of a municipal corporation is not questioned by the state, it cannot be brought in issue by a private individual in a collateral proceeding, nor can the validity of annexation proceedings be tested in such a suit, where the evievidence shows acquiescence in the proceedings and the payment of taxes levied by the corporation for several years.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Former judgment of reversal vacated and judgment of district court affirmed.*

*A. L. Tidd, W. C. Ramsey* and *Matthew Gering*, for appellants.

*C. A. Rawls* and *H. D. Travis, contra.*

LETTON, J.

The facts are stated in the first opinion by Mr. Commissioner ALBERT, 78 Neb. 703. In that opinion it is said: "The amendatory act of 1885, under which the city attempted to extend its limits by ordinance so as to include defendant's land, conferred no authority to annex adjacent territory by ordinance, and, as there was no valid law then in force conferring such authority, the attempted annexation was unauthorized," and the conclusion is largely based upon this premise. On rehearing our attention has been called to the fact that at the time the annexation ordinance was passed the act of March 2, 1881 (laws 1881, ch. 23), was in force, providing for the annexation of property contiguous to the corporate limits of cities such as Plattsmouth. This act provides in substance that, whenever the owner or owners and inhabitants, or a majority thereof in numbers or value, of any territory lying contiguous to the corporate limits of any city or village, whether the

territory be subdivided or remains unsubdivided, desire to annex the territory to any city, they shall cause an accurate plat to be filed in the office of the city clerk, with a written request for the annexation. The city council at the next regular meeting shall vote upon the question of annexation, and if a majority vote for annexation an ordinance shall be prepared and passed declaring the annexation, and a certified map and copy of the ordinance shall be filed and recorded in the office of the county clerk or recorder of the county. Thereupon the annexation shall be deemed complete. The power to act, therefore, was granted to the city authorities and existed at the time of the passage of the ordinance of annexation. The ordinance recited that it was passed by virtue of an act passed in 1885, which act was void. *City of Plattsmouth v. Murphy,* 74 Neb. 749. But the mistake in reciting the power to act did not operate to deprive the city council of the power which it actually possessed under the existing law. *Delamater v. City of Chicago,* 158 Ill. 575. The recital was unnecessary and may be disregarded as surplusage.

Upon whom is the burden of proof in this case? The petition is made by the statute (Ann. St., sec. 10651), *prima facie* evidence that all the statutory requirements with reference to the levy and assessment of the taxes have been complied with, and the burden is placed upon the person seeking to escape from the payment of the taxes levied to show wherein they are not properly chargeable. The defendant relies upon the invalidity of proceedings taken to include his property within the limits of the municipal corporation to escape the payment of city taxes. If the action were *quo warranto,* brought by the attorney general on behalf of the state to inquire into the validity of the incorporation, the burden of proof would be upon the respondents. *State v. Davis,* 64 Neb. 499. But this case is not of that nature. In an injunction suit to prevent the collection of a tax, or in a proceeding such as this looking to the same result, the presumptions are

all in favor of the authority, validity and regularity of the action of the city authorities, and their lack of the same must be affirmatively shown. The passage of the ordinance of annexation is presumptive proof of the existence of the statutory prerequisites. *Tierney v. Cornell*, 3 Neb. 267. It is incumbent on the defendant, therefore, to plead and prove the lack of authority to act on the part of the officers of the city. The general rule is that parties will not be permitted to attack collaterally the incorporation of a city or village, or the manner in which adjoining property has been annexed thereto. This principle has been followed and applied by this court in the following cases: *South Platte Land Co. v. Buffalo County*, 15 Neb. 605; *McClay v. City of Lincoln*, 32 Neb. 412; *County of Lancaster v. Rush*, 35 Neb. 120; *State v. Dimond*, 44 Neb. 154; *Sage v. City of Plattsmouth*, 48 Neb. 558. It is pointed out in the latter case that some importance was attached in the decisions in the former cases to the length of time during which the owners of land had acquiesced in the proceedings, but this did not affect the general principle that the proper method in which to question the validity of the incorporation was by a direct proceeding in *quo warranto*. Some expressions in the case of *Chicago, B. & Q. R. Co. v. City of Nebraska City*, 53 Neb. 453, seem to be in conflict with the rule announced by all the preceding cases in this court, and none of them is mentioned in that opinion. In that opinion it is said: "Where the statute points out the mode of procedure for the extension of the boundaries of a city, the same must be substantially followed, else it will be of no validity," and it is said in the opinion, in substance, that one of the facts necessary to jurisdiction had not been affirmatively shown to exist.

An interesting question is presented as to whether these cases are directly in conflict, and, if so, as to which announces the better doctrine. A somewhat extended examination of the cases cited in the briefs of counsel, and of a number of other cases, shows that the holdings of the American courts are not entirely in harmony as to the

wisdom and propriety of allowing collateral attack to be made upon the validity of the acts of municipal corporations in annexing territory. The cases seem to fall into several classes: First, a few hold as the *Nebraska City* case does, that in the absence of any one of the jurisdictional prerequisites the act of the city council in annexing territory is void, and that it can be attacked collaterally by an injunction proceeding, and at the suit of a private citizen. *Forsythe v. City of Hammond,* 142 Ind. 505, 30 L. R. A. 576; *City of Indianapolis v. McAvoy,* 86 Ind. 587. In another class, the cases go entirely upon the doctrine of laches and *de facto* incorporation, the idea being that, where a corporation is actually exercising corporate powers over certain territory, either by the levy and collection of taxes or other methods, and the persons living thereon have acquiesced therein for a long period of time —in the reported cases, varying from four to thirteen years—a private individual, by reason of his acquiescence and laches, will not be permitted to attack the incorporation collaterally and contend that the incorporation is not valid. Of these cases are *Kuhn v. City of Port Townsend,* 12 Wash. 605; *State v. Henderson,* 145 Mo. 329; *School District v. State,* 29 Kan. 57; *State v. City of Pierre,* 15 S. Dak. 559; *Coe. v. Gregory,* 53 Mich. 19; *McCain v. City of Des Moines,* 128 Ia. 331; *Mendenhall v. Burton,* 42 Kan. 570. Another class, of which an example is *State v. Leatherman,* 38 Ark. 81, go further, and hold that, even where the incorporating body possessed no jurisdiction and the order was void, still laches and delay will render an attack upon the same ineffective, even by proceedings in the nature of *quo warranto,* and that "the state herself may, by long acquiescence, and by the continued recognition through her own officers * * * be precluded from an information to deprive it of franchises long exercised in accordance with the general law." See, also, *State v. Des Moines,* 96 Ia. 521, and authorities cited. In still another class, the element of time appears to be thought immaterial, it being considered that the public

may be deceived by a *de facto* organization, as well the day after its completion as a long time thereafter. *Coler v. Dwight School Township,* 3 N. Dak. 249, and cases cited.

Many of these cases are cases involving the collection of taxes, but collateral attack on municipal corporations is sometimes attempted in other cases, such as in actions to enforce municipal ordinances, in injunctions to restrain corporate officers from alleged illegal action, or in mandamus proceedings to compel official action. An instance of the latter class is *State v. Whitney,* 41 Neb. 613. This was an application for a writ of mandamus to compel certain city officers to canvass the vote of relator for the office of councilman of the city of Alma. The defendants denied that Alma was a city, but alleged that it was a village having less than the necessary number of inhabitants to constitute it a city of the second class. It had, however, been acting as such a city. It was held: "Where the existence of a municipal corporation is not questioned by the state it cannot be put in issue by a private individual in a collateral proceeding." To the same effect are *Osborn v. Village of Oakland,* 49 Neb. 340; *Cleveland, C., C. & St. L. R. Co. v. Dunn,* 63 Ill. App. 531. The authorities upon all branches of this question are collected in two recent text books: McQuillin, Municipal Ordinances, sec. 349, and note, and 1 Abbott, Municipal Corporations, sec. 32, and note. In the latter work it is said: "The rule of law invariably is that the state alone can question the right of the public corporation to exist and perform its duties and exercise its rights, and then in a proceeding brought for that purpose. And also that the question of legal corporate existence cannot be raised in a case or proceeding as collateral to the main issue or through collateral attack." So, also, it is said by Judge Cooley in his work on Constitutional Limitations (5th ed.), p. *254: "In proceedings where the question whether a corporation exists or not arises collaterally, the courts will not permit its corporate character to be questioned, if it appears to

be acting under color of law, and recognized by the state as such." This is the doctrine which has been adopted by this court.

The evidence offered by the defendant shows that he never requested nor consented to the annexation of his property to the city of Plattsmouth, but the answer does not allege, and the proof fails to show, that "a request in writing, signed by a majority of the property owners and inhabitants in numbers and value of the territory described in the plat," had not been filed in the office of the city clerk, and there is also a lack of pleading and proof that a certified map and copy of the ordinance were not filed in the office of the county clerk of Cass county. In the absence of evidence to show that these requirements of the law were not complied with, the presumption of regularity applies. Even under the doctrine of the *Nebraska City* case, it is only in the absence of a step which is held to be jurisdictional that a collateral attack can be made upon the annexation. The city council had power to pass the ordinance of annexation if certain conditions were complied with, and there is no affirmative proof that these conditions were not performed. Further, the defendant is plainly guilty of laches. He paid the city taxes from 1888 to 1894, inclusive, and has taken no steps to question the validity of the incorporation, though the ordinance was passed 19 years ago. If the defendant desired to contest the validity of the annexation of his property to the city, he should have done so long ago. *Strosser v. City of Fort Wayne*, 100 Ind. 443.

The former opinion went upon the theory that the annexation proceedings were not merely defective and voidable, but *ultra vires* and void, and followed the *Nebraska City* case. It is now obvious that an act of the legislature was then in force which gave the city council power and authority to annex property to the city of Plattsmouth by ordinance when certain conditions had been performed, and it is not affirmatively shown that these prerequisites had not been complied with.

For these reasons, as well as for the reason that the annexation proceedings are not subject to collateral attack 19 years afterwards in a private action resisting the payment of taxes, the former judgment is set aside and the judgment of the district court affirmed.

JUDGMENT ACCORDINGLY.