### DRAVER et al. v. GREENSHIELDS & EVEREST CO. et al.

Circuit Court of Appeals, Eighth Circuit.
November 9, 1928.

No. 8141.

Henry E. Maxwell, of Omaha, Neb. (Guy Laverty, of Burwell, Neb., and Morsman & Maxwell, of Omaha, Neb., on the brief), for appellants.

Arthur F. Mullen, of Omaha, Neb. (Mullen & Morrissey, of Omaha, Neb., on the brief), for appellee Greenshields & Everest Co.

Roy M. Harrop, of Omaha, Neb., and R. J. Greene, of Lincoln, Neb., for appellee Calamus Irr. Dist.

Before STONE and LEWIS, Circuit Judges, and MARTINEAU, District Judge.

LEWIS, Circuit Judge. This is an appeal from an order denying a motion to vacate a judgment in an action at law against an irrigation district, made for the purpose of enabling appellants, landowners in said district, to obtain leave to intervene in that action and make defense. The judgment was entered on October 24, 1927, after the district had filed its answer admitting liability for the amount recovered. One week later appellants appeared and moved that the judgment be set aside and tendered their proposed petition in intervention. The law action was brought by Greenshields & Everest Company, an Iowa corporation, on September 29, 1927, against the Calamus Irrigation District of Loup County, Nebraska, on nine warrants amounting to $4,500, which the district had issued and sold in December, 1925.

The pleadings in the action on the warrants, the tendered petition in intervention and the tendered record proof show that the proceedings taken to organize the district were regular on their face and complied with the requirements of the Nebraska statute; but appellants' counsel contends in substance that additional tendered proof in the form of affidavits discloses that the required conditions on which the board of county commissioners is given power to enter its order establishing a district like this did not exist, and although the county board found that the requisite conditions did exist and entered its order creating and establishing the district, still its order is void, because the necessary prerequisite conditions did not in fact exist and the district is not a legal entity.

We have no concern with appellants' contention further than to inquire whether it has any application in the present controversy. The fact that appellants might have avoided what was done by an appropriate proceeding instituted for that purpose at the proper time and in the proper forum is not relevant. The question here is, whether purchasers and holders of these warrants, acting in good faith, which is not challenged, were entitled to judgment against the district. Section 2881, Nebraska Statutes, authorizes the issuance and sale to the best advantage of warrants on the general fund when there is no cash on hand to pay claims ordered paid out of that fund by the board of directors, and these warrants were issued to be paid out of that fund. Landowners in the proposed district filed their petition with the board of county commissioners in March, 1925, in which they sought to have the district created for the purpose of irrigating lands therein, pursuant to chapter 26, Compiled Statutes of Nebraska 1922. It is not denied that the petition with maps of the territory to be included was also filed with the secretary of the State Board of Irrigation, whose duty it is under the statute to make report thereon to the board of county commissioners. Thereafter, in June, 1925, the county board, acting on the petition, found that the State statute had been complied with and it entered its order creating the district. The order described the boundaries, specified the tracts of land therein contained and found that they were susceptible to irrigation from the Calamus River, all being irrigable from the same proposed system of works. It ordered that an election be held for the district, prescribed the form of notice to be given therefor, the place at which it should be held and fixed the day and the hours within which the poll should be kept open for the election of directors and officers for said district. That election was held and district directors, an assessor and treasurer were elected. Report thereof was made to the county board. It canvassed the votes cast and declared the result, naming in its order the persons who had been elected directors, an assessor and treasurer, and again described the tracts of land within the district that were irrigable. Thereafter the warrants sued on were executed for the district by the president of the board and its secretary, payable to bearer or order and sold for value. Four of the five appellants participated in the organization proceedings, in the election to which reference has been made and in a subsequent election. Relying on the affidavits mentioned above they now say the original petition was not sufficient because the requisite number of landowners having the requisite acreage did not sign the petition, that some who did sign were persuaded

or fraudulently induced to do so, that sufficient notice was not given before the county board took action and that other irregularities and omissions occurred.

■ The Nebraska Irrigation Act was taken from California and both States have held that an irrigation district formed under the Act is a public corporation. Quint v. Hoffman, 103 Cal. 506, 37 P. 514, 777; Lincoln & Dawson County Irr. Dist. v. McNeal, 60 Neb. 613, 83 N. W. 847. Under this Act the petitioners proposed the organization of the Calamus Irrigation District. They induced the board of county commissioners to believe and find the Act had been fully complied with and on that finding the board entered its orders. The district then held elections pursuant to the Act. It necessarily incurred indebtedness in carrying on the organization proceedings, holding elections and for current expenses and compensation of its officers and employés. It issued and sold these warrants and received the proceeds. There can be no doubt that it was and is a body corporate de facto, it acted as such under color of law, and is liable on the debts which it contracted as fully as it would be were it a corporation de jure. The facts in Speer v. Board of County Commissioners (C. C. A.) 88 F. 749, carried the principle now in mind further than need be done here. There, on the assumption that although the corporation was acting as such under an unconstitutional statute, we nevertheless held that it was liable as a de facto corporation to third persons who had dealt with it in good faith in reliance on the validity of its purported corporate existence; shown as here by record proceedings of incorporation; and we see no reason why the doctrine of estoppel should not be applied to those in whose behalf the corporation was acting. The opinion in that case, written by the late Judge Walter H. Sanborn, like many others left by him, is exhaustive, instructive and convincing. We need not attempt to add anything to what is there said nor review the authorities there collected.

■ It is the settled rule in Nebraska and in other jurisdictions that the legality of the organization of public corporations which are acting under color of law cannot be raised collaterally, as appellants here are attempting to do, nor by private parties in their own behalf. In State ex rel. Ressel v. Whitney, 41 Neb. 613, 59 N. W. 884, this quotation from Dillon on Municipal Corporations was accepted as a statement of the general rule:

"Where a municipal corporation is acting under color of law, and its existence is not questioned by the state, it cannot be collaterally drawn in question by private parties; and the rule is not different although the constitution may prescribe the manner of incorporation."

In Dappen v. Weber, 106 Neb. 812, 184 N. W. 952, 187 N. W. 230, the rule was applied to a de facto school district, and it was held that the legality of its organization must be tested by quo warranto and could not be challenged in a collateral proceeding. In State v. Several Parcels of Land, 80 Neb. 11, 113 N. W. 810, the Supreme Court after stating: "The general rule is that parties will not be permitted to attack collaterally the incorporation of a city or village, or the manner in which adjoining property has been annexed thereto," quoted this from McQuillin on Municipal Corporations: "The rule of law invariably is that the state alone can question the right of the public corporation to exist and perform its duties and exercise its rights, and then in a proceeding brought for that purpose. And also that the question of legal corporate existence cannot be raised in a case or proceeding as collateral to the main issue or through collateral attack," and then this from Cooley on Constitutional Limitations: "In proceedings where the question whether a corporation exists or not arises collaterally, the courts will not permit its corporate character to be questioned, if it appears to be acting under color of law, and recognized by the state as such." The Nebraska court then said: "This is the doctrine which has been adopted by this court." In Quinton v. Equitable Inv. Co., 196 F. 314, the Circuit Court of Appeals for the Ninth Circuit said: "The question of the legality of the organization of the irrigation district may not be raised collaterally if the district be acting under color of law and the state acquiesces therein." In that case an action was brought on bonds issued by a California irrigation district. Certain property owners in the district then intervened in that action. They alleged in their petition that the proceedings in which the district was originally organized did not give the county board jurisdiction and therefore its orders organizing the district were absolutely void, that the bonds were not legally executed, that those who claimed to act as officers of the district did so without authority and that they had abandoned their offices. A demurrer was sustained to this petition of intervention. Then the interveners filed their bill in equity to enjoin the prosecution of the law action on

the bonds, alleging therein the facts that were set up in the petition in intervention. A demurrer to the bill in equity was sustained and an appeal taken. In affirming that action the court used the language quoted supra.

There is another reason why the order appealed from in this case should be affirmed. Appellants moved to vacate the judgment in favor of plaintiff in the law action one week after it had been entered in order that they might apply for intervention therein. The Nebraska statute provides that application to intervene must be made before the trial of the action in which intervention is sought commences. Section 8552, Comp. Stat. Neb. 1922. Having failed to comply with this statute they could not insist on being permitted to intervene as matter of right.

We do not mean to intimate that the facts set up in the tendered petition in intervention and affidavits are sufficient to avoid the organization of the district if they should be established, or that the district was not a corporation de jure. We express no opinion on that point. We have considered the case on the assumption that the facts relied on are sufficient for appellants' purpose; but we hold, for the reasons stated, that the trial court did not err in denying intervention.

Affirmed.