Bemis v. Rogers.

---

GEORGE P. BEMIS, PLAINTIFF IN ERROR, v. SAMUEL E. ROGERS, DEFENDANT IN ERROR.

Practice: PROCEEDINGS IN ERROR: WHEN DEEMED "COMMENCED."· A proceeding in error is not to be deemed "commenced" within the meaning of section 592 of the code of civil procedure, when personal service can be obtained, until a summons is issued which shall be duly served, as the statute directs.

ERROR from the district court for Douglas county.

Motion to dismiss petition in error.

*George W. Ambrose*, for the motion.

*Redick & Connell*, contra.

LAKE, J.

A motion is interposed by the defendant in error to dismiss this case on the ground that it was not commenced within the time allowed by law for instituting proceedings in error for the reversal of judgments.

The statute in force on the 24th of November, when the judgment in question was rendered, and under which these proceedings were commenced, provides that: "No proceedings for reversing, vacating, or modifying judgments or final orders, shall be commenced unless within one year after the rendition of the judgment, or making of the final order complained of," etc. Session laws 1877, page 14.

The code of civil procedure, section 584, provides: "The proceedings to obtain such reversal, vacation, or modification, shall be by petition, to be entitled 'petition in error,' filed in a court having power to make such reversal, vacation, or modification, setting forth the errors complained of, and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action." Gen. Stat., 628.

The petition in error was duly filed in this court on the 20th of November, 1878, and a summons duly issued. But this summons was not served, nor has it ever been returned. Nothing more was done until January 10th, 1879, when an *alias* summons was issued and service duly accepted by the attorney of record of the defendant in error.

In support of the motion to dismiss, it is claimed that a proceeding in error is not to be deemed "*commenced*," within the meaning of the statute, when per-

sonal service can be obtained, until a summons is issued, which shall be duly served as the statute directs. And so it was held by the supreme court of Ohio in *Robinson v. Orr, et al.,* 16 Ohio St., 284, under a statute of which ours is a copy. In that case the court say: "In all suits or proceedings of an adversary character, the court can acquire no jurisdiction of the case for the purposes of trial or judgment until the party defendant is brought before it. And so long as the plaintiff neglects to have process issued, or any other steps taken with a view of bringing in the defendant, and thus giving jurisdiction to the court, his action or suit cannot properly be said to have been commenced, or to be pending."

This is a clear statement of the law applicable generally to the commencement of actions, and we think that a proper construction of the statutes above referred to requires its observance in the commencement of proceedings in error.

MOTION SUSTAINED.