CITY OF WAHOO, APPELLEE, v. WILLIAM H. DICKIN-
SON ET AL., APPELLANTS.

Cities of Second Class and Villages:   ANNEXING TERRI-
TORY.   The city council of the city of W., by a vote of two-
thirds of all the members elect, adopted a resolution to an-
nex to said city certain contiguous territory, describing it,
and thereupon the city filed a petition in the district court, to-
gether with an accurate plat of the territory sought to be an-
nexed, and prayed for the annexation of such territory, the
petition stating all the facts required by section 99, Chap. 14,
Comp. Stat.   Objection being made that the power conferred
on the district court was legislative and not judicial, *Held*,
That as a condition of such annexation the court was required

to find the allegations of the petition to be true, and that such territory or a part thereof would receive material benefit from its annexation to such city, or that justice and equity required such annexation, and to enter a decree accordingly. The questions, therefore, are so far of a judicial character that the courts may be invested with jurisdiction to determine them.

APPEAL from the district court of Saunders county. Heard below before POST, J.

*J. R. Gilkeson* and *W. R. Kelly,* for appellants, cited cases referred to in opinion.

*Bell & Sornborger,* for appellee, cited: *Burlington v. Leebrick,* 43 Iowa, 252. *Borough of Little Meadows,* 35 Penn. State, 335. *Blanchard v. Bissell,* 11 Ohio State, 96.

MAXWELL, J.

In October, 1886, the proper authorities of the city of Wahoo passed a resolution that, "We favor and demand as a matter of right the annexation of the territory contiguous to the city of Wahoo," etc., and described the territory sought to be annexed. The city thereupon filed a petition in the district court of Saunders county, setting forth the facts required by the statute, and attached an accurate map of the territory sought to be annexed to the said petition, and prayed for a decree of the court annexing the territory set forth in the petition to the city of Wahoo. There were nearly one hundred persons who owned the land sought to be annexed, all of whom were made defendants, and service duly had upon them. The appellants answered the petition, and upon a decree being rendered against them, appealed to this court. There is no bill of exceptions, and the only question before this court is, whether or not the district court had jurisdiction.

This question is to be determined from the construction

to be placed upon section 99, Chap. 14 of the Comp. Stat., which is as follows : "When any city or village shall desire to annex to its corporate limits any contiguous territory, whether such territory be in fact subdivided into tracts or parcels of ten acres or less, or be not so subdivided, the council or board of trustees of said corporation shall vote upon the question of such annexation, and if a resolution to annex such territory, describing the same in general terms, be adopted by two-thirds vote of all the members elect of such council or board of trustees, said resolution, and the vote thereon, shall be spread upon the records of said council or board.    Said city or village may thereupon present to the district court of the county in which such territory lies, a petition praying for the annexation of such territory, together with an accurate plat or map of the same, showing the subdivisions of said territory, if it be so subdivided, and its relative position to such a city or village; and such petition shall set forth the resolution of said council or board of trustees for annexation of the same, and the vote thereon, and also the names of the various owners of said territory, if there be more than one such owner, and shall also set forth the material benefits and advantages to be derived from such annexation.    A notice of the filing of said petition shall be served upon the owner or owners of said adjacent territory in the same manner as a summons in civil actions, and in case said owner or owners be non-residents of the state, said notice shall be published in the manner provided for service by publication in civil actions.    Issues shall be joined and the cause tried in the same manner, as nearly as may be, as provided for trial of causes under the code of civil procedure, except that no judgment for costs shall be rendered against any defendant who does not make any defense.    If the court find the allegations of the petition to be true, and that such territory, or any part thereof, would receive material benefit by its annexation to such

corporation, or that justice and equity require such annexation of said territory, or any part thereof, a decree shall be entered accordingly; and a copy of the decree of said court duly certified under the seal thereof, together with a plat of the territory, with a proper description thereof, so decreed to be annexed, and in case the same is already subdivided, showing the same subdivided into blocks and lots to correspond as near as may be with the fact, and as near as may be with the lots, blocks, and streets of the adjacent city or village, and corresponding as near as may be to the provisions of said act, under the title of ' City and Village Plats,' shall be filed in the office of the county clerk or recorder of the county. in which such territory lies; and from the time of filing such decree and plat, the territory therein described shall be included in and be a part of such city or village, and the inhabitants thereof shall receive the benefits of and be subject to the ordinances and regulations of such city or village;. *Provided*, That appeals may be taken from the proceedings aforesaid in the district court, as in other civil cases; but notice of appeal must be given immediately on the entering of the decree in said district court, and the filing of the said decree and plat in the county clerk's office shall be stayed to abide the event of such appeal, and in case such appeal be not perfected, said corporation may file said decree and plat as hereinbefore provided for, without being prejudiced by lapse of time. On the filing of such decree and plat the council or board of trustees shall pass an ordinance declaring such territory to be annexed to such city or village, and extending the corporate limits thereof accordingly, and file a certified copy of the same in the clerk's office."

The court in its decree found "that the city council of the plaintiff has heretofore adopted a resolution to annex the territory described in the petition herein by a two-thirds vote of all the members of said council, and the court further finds that such of said territory as is herein-

after described will receive material benefit by its annexation to the said city of Wahoo, and that justice and equity require the annexation of said portion of said territory hereinafter described" [describing the territory].

The appellants contend that the power to annex territory to a city is legislative and not judicial, and if delegated must be given to some body possessing legislative powers and not to a court, citing *Shumway v. Bennett*, 29 Mich., 452.  *People v. Carpenter*, 24 N. Y., 86.  *Galesburg v. Hawkinson*, 75 Ill., 152.  *Turner v. Althaus*, 6 Neb., 69.  The case of *Shumway v. Bennett* arose under a statute very different from ours, and need not be considered. The case of *Galesburg v. Hawkinson* is under a similar statute to our own, but we are unable to give our assent to the reasoning of the court in that case.

It will be conceded that an arbitrary annexation of territory to a city or town, where the benefits to be received by the territory annexed are not considered, can only be accomplished by legislation, either by the legislature itself, or by a tribunal clothed with power for that purpose, and that a court under our constitution could not be invested with such legislative power.   We do not understand the statute, however, as clothing the courts with the power to legislate in the premises—that is, to determine in the first instance what territory should be annexed.   This power is bestowed upon the city council.   The evident purpose is to protect the owners of the property from being forcibly brought within the corporation, unless one of two facts is made to appear.  First, that the territory, or a part of it, will receive material benefit from its annexation to such corporation—that is, if all the territory sought to be annexed will receive material benefits, then a decree will be entered accordingly ; if but part receives material benefit, then a decree will be entered only for such part.   Second, where justice and equity require such annexation of said territory, or a part thereof, then a decree will be entered according to the facts as found.

The determination of these questions is a judicial act, and the courts are duly empowered and the question is proper for the courts to consider. The statute makes the right depend upon one of the two conditions named. If neither condition exists, then there is no right to annex. The court, therefore, hears the allegations of the parties interested in the property sought to be annexed, and determines from the testimony what their rights are in the premises. Thus in one action, before any complications have arisen in regard to the annexation of the territory, the court determines the rights of the parties, with the right of either party to appeal from the decree. Such powers are judicial and not legislative. The same powers are conferred upon the courts to change the names of persons, cities, and towns, and like cases which have been treated as a legitimate exercise of judicial power. This question was very fully considered by the supreme court of Iowa in Burlington v. Leebrick, 43 Iowa, 252, where a statute very similar to that under consideration was sustained, and the power of the court to determine the conditions upon which contiguous territory should be annexed to a city was held to be judicial and not legislative. See also Kayser v. Trustees, 16 Mo., 88. Blanchard v. Bissell, 11 O. S., 96. Borough of Little Meadows, 35 Penn. St., 335.

Our constitution prohibits special legislation as applied to any particular municipal corporation. The legislature, therefore, cannot, by special act, extend the boundaries of any city or town. This, therefore, must be done by general law, and the most practical way of accomplishing this purpose is to provide by general statute the conditions under which contiguous territory may be attached to such city or town, and to clothe some local tribunal with power to determine, in the first instance, whether such conditions exist. If such local tribunal is convinced of the existence of one or both of the conditions named, and pass a resolution annexing such territory, it must still convince the

court of the existence of at least one of said conditions and obtain a decree of the existence of the same. These questions are so far of a judicial character that they may properly be vested in the judicial department of the state. As there is no bill of exceptions, and no question as to the sufficiency of the evidence to sustain the decree, we hold that the court below had jurisdiction, and the decree is affirmed.

DECREE AFFIRMED.

THE other judges concur.