WALTER A. WOOD HARVESTER COMPANY v. JOHN DOBRY.

FILED JANUARY 24, 1900. NO. 9,110.

1. **Bailment: CONVERSION.** A bailee who fails, or refuses, to surrender trust property to the owner in accordance with the express or implied terms of the bailment is liable in an action for conversion, unless he can show a prior lawful seizure of the property under judicial process against the owner, or some other legal and valid excuse.

2. **Summons: CONSTRUCTIVE SERVICE: JUDGMENT.** A summons served constructively on a resident of the state, who has neither ab-

sconded nor concealed himself with intent to defraud credit-
ors, or to avoid the service of process, does not confer jurisdic-
tion over the person of the defendant, nor justify the rendition
of a judgment condemning his property.

ERROR from the district court of Howard county.
Tried below before THOMPSON, J. *Affirmed.*

*John W. Templin* and *Frank J. Taylor*, for plaintiff in
error.

SULLIVAN, J.

John Dobry sued the Walter A. Wood Harvester Com-
pany for the conversion of a quantity of binding twine,
and recovered judgment against it in the district court of
Howard county for the sum of $449.63. The property in
controversy belonged to the plaintiff, and was originally
turned over by him to the Walter A. Wood Mowing &
Reaping Machine Company, to be kept in store in the
city of Omaha. This company placed the twine in the
immediate custody of one T. C. Northwall, and after-
wards withdrew from business in Nebraska. Northwall
brought an action against Dobry before a justice of the
peace of Douglas county, and caused the twine to be
seized under an order of attachment, and sold for the
satisfaction of his claim. The theory of the defendant in
this case is that it is not liable, because (1) it never
had the actual possession of the property; and (2)
Dobry's title and right of possession were extinguished
by the attachment proceeding. There was ample evi-
dence before the jury to warrant a finding that the de-
fendant had succeeded to the trade and business of the
Walter A. Wood Mowing & Reaping Machine Company
in this state, and that it had, as such successor, exercised
dominion and authority over plaintiff's property. The de-
fendant's manager, Mr. J. D. Van Buren, testified that his
company had a claim against the twine for freight and
storage. He also said that while the property was not
directly in the possession of the defendant, it was under

its control. It further appears that when its claim was paid, it gave an order for the surrender of the property to Mr. Dobry. Northwall refused to comply with the order, but grounded his refusal on the fact that he had caused the property to be taken under the writ of attachment. He did not deny having held it under the authority of the defendant.

The defendant being in the possession of plaintiff's property, it was its obvious duty to surrender it on demand and payment of just charges, unless there had been a prior lawful seizure of it under judicial process issued against the owner. See 3 Am. & Eng. Ency. Law [2d ed.], 756. We are entirely satisfied that there was no such seizure. In the first place, it is clear from the evidence that the jury were justified in finding that there was no effective levy of the order of attachment; and, in the second place, it appears, beyond controversy, that the attempted levy was the result of Northwall's wrongful conduct, and that it neither disturbed his actual possession nor altered, in any manner, plaintiff's right in the property. Dobry did not reside in Douglas county, nor was he served with summons therein. He was not a non-resident of the state; neither had he absconded nor had he concealed himself with the intent of defrauding his creditors, or for the purpose of avoiding the service of a summons. There was, therefore, no authority to make service upon him by publication; and the attempt of the justice to acquire jurisdiction by proceeding under section 932 of the Code of Civil Procedure was manifestly abortive. We are not aware of any authority for constructive service of summons in actions on contract, except that contained in section 77 of the Code of Civil Procedure. See Maxwell, Practice in Justices' Courts [4th ed.], p. 202. The commencement of the action in Douglas county was wrongful. See Code of Civil Procedure, sec. 60. Every step taken in the prosecution of the case was wrongful. The judgment in favor of Northwall was void, and the purchase by him of the twine,

when sold under the special execution, was without legal force or effect. The defendant had at no time a valid excuse for refusing to account for the property of the plaintiff which it had received from its predecessor and held in trust. The judgment is right, and is

AFFIRMED.