IN THE MATTER OF THE ESTATE OF ROBERT N. JAMES, DE-CEASED, ET AL., APPELLEES, V. LILLIE O'NEILL, APPEL-LANT.

FILED OCTOBER 7, 1903. No. 13,115.

1. **Probate Proceeding: EQUITY.** Every proceeding to set aside an order of a county court made in the course of probate or admin-istration proceedings, on the ground that it was obtained by fraud, is not of necessity equitable in its nature.

2. **Equity: FRAUD: FINAL JUDGMENT.** It is only where a final judg-ment has been procured by fraud, or some order which by reason of the lapse of the term and its finality can not be set aside by the ordinary powers of the court, that its equity powers come into play.

3. **Allowance to Widow.** An order allowing an alleged widow a certain sum each month pending administration, for her maintenance, is subject to modification during administration as circumstances may require.

4. **Proceeding in Error.** Where no summons in error issues, the date of voluntary appearance is to be taken as the date of commence-ment of proceedings in error within the meaning of section 592 of the code.

APPEAL from the district court for Hamilton county: SAMUEL H. SORNBORGER, JUDGE. *Motion to dismiss sus-tained.*

*Thomas H. Matters,* for appellant.

*Eugene J. Hainer* and *Jerome H. Smith, contra.*

POUND, C.

Counsel seems to have assumed that he could take an appeal from the district court to the supreme court in a probate proceeding. At any rate, he filed no petition in error and caused no summons in error to issue. He now contends that an appeal is maintainable. I do not think this view can be sustained. It is not every proceeding to obtain the setting aside of an order by the court which rendered it, even though predicated upon fraud, that is equitable in its nature. Courts of law have always had the power to set aside their own orders, rendered in a proceeding pending before them, during the pendency of such proceeding, upon showing that such orders were obtained by fraud. It is only where a *final judgment* has been procured by fraud, or an order which, by reason of the lapse of the term and its finality, can not be set aside by the ordinary powers of the court, that its equitable powers come into play. In this case there appears no ground for thinking that any equitable powers of the county court needed to be exercised in order to give the petitioners all the relief which they sought. The case is not analogous to a final order admitting a will to probate, nor to an order of final statement of an estate. The order sought to be set aside was an interlocutory one allowing an alleged widow $15 a month for maintenance pending administration, and was subject to modification during the administration, as circumstances might require. *Baker v. Baker,* 51 Wis. 538; *In re Fisher,* 15 Wis. 567.

The appearance of the defendants on June 13, 1903, judgment having been rendered November 11, 1902, does not constitute a commencement of proceedings in error in the six months limited by the statute. They are not commenced until summons in error issues. *Bemis v. Rogers,*

8 Neb. 149. The date of voluntary appearance, no summons having been issued, is to be taken as the date of commencement. *Benson v. Michael,* 29 Neb. 131. Moreover no petition in error has been filed even yet. As the proceedings were not commenced within the meaning of that term as used in section 592 of the code, in the time limited, I think they should be dismissed.

The district court instead of trying the case *de novo,* as it evidently should have done, simply reversed the judgment of the county court, which had refused to proceed in the matter, and sent the cause back to that court for trial. The merits have never been passed upon, and I do not see that any one will suffer, in any case, by dismissal of the present proceedings.

I therefore recommend that the motion to dismiss be sustained, and that the motion for leave to file an additional transcript be overruled.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the motion to dismiss be sustained and that the motion for leave to file an additional transcript be overruled.

MOTIONS SUSTAINED.