MARY RADIL, APPELLANT, V. ALICE L. SAWYER, ADMINIS-
TRATRIX, APPELLEE.

FILED OCTOBER 22, 1909.   No. 15,600.

1. Justice of the Peace: PROCEEDINGS IN ERROR. In order to give the
   district court jurisdiction in a proceeding in error to reverse a
   judgment of a justice of the peace, the plaintiff must file a tran-
   script, a petition in error in the district court, and cause a sum-
   mons in error to be issued thereon against the defendant within
   six months from the date of the rendition of the judgment com-
   plained of, which summons must be served upon the defendant
   in error or his attorney of record.

2. ———: ———. After the expiration of six months from the date of
   the judgment, the district court cannot obtain jurisdiction to re-
   verse the same by issuing what is called a *nunc pro tunc* summons
   in error and directing the service thereof to be made upon the
   defendant, and a judgment reversing the judgment of a justice of
   the peace upon such service is void.

3. Courts: JURISDICTION. Ordinarily the district court has the power to
   determine the question of its own jurisdiction; but, where the
   jurisdiction of the court does not depend upon a question of fact,
   and is simply one of law, no finding or declaration of the court,
   if made in disregard of plain statutory provisions, will give it
   jurisdiction.

4. ———: ———. The test of jurisdiction is whether the tribunal had
   the power to enter upon the inquiry, and not whether its methods
   were regular, its findings right, or its conclusions in accordance
   with the law.

5. A void judgment is in reality no judgment. It is a mere nullity.
   It is supported by no presumption, and may be impeached in any
   action, direct or collateral.

REHEARING of case reported in 84 Neb. 143. *Reversed
and dismissed.*

BARNES, J.

Our former opinion in this case (84 Neb. 143) affirm-
ing the judgment of the district court, contains a detailed
statement of the facts to which reference will be made in
this opinion.

Oral argument was ordered on appellant's motion for a rehearing, and the case has been reargued and again submitted for our consideration. Counsel both for and against the motion have so ably presented the questions involved in this controversy as to render further argument a work of supererogation, and we will therefore dispose of the case without further delay.

It is proper at this point to state that on the 24th day of May, 1904, the appellant recovered a judgment against the appellee in justice court of Saline county; that soon thereafter he caused a transcript of that judgment, together with a petition in error, to be filed in the district court, but no summons in error was issued thereon until more than eleven months had elapsed, when by a motion, he asked the court to issue what he called a *nunc pro tunc* summons in error as of the date of the filing of his transcript, and an order for service thereof. His request was granted; and, when the so-called summons was served, appellant, by special appearance, challenged the jurisdiction of the court. Her challenge was overruled, she elected to stand upon her special appearance, and made no other or further appearance in the case. Some time thereafter the court reversed the judgment of the justice of the peace, and rendered a judgment on the merits against appellant, from which she has appealed to this court.

We held in our former opinion, first, that the district court had no jurisdiction to issue what is called the *nunc pro tunc* summons in error, and direct that it be served upon the appellant more than eleven months after the rendition of the judgment in her favor in justice court, and that the district court was therefore without any jurisdiction to reverse that judgment. We are satisfied that thus far our former judgment was correct. *Bemis v. Rogers*, 8 Neb. 149; *Rogers v. Redick*, 10 Neb. 332; *Benson v. Michael*, 29 Neb. 131; *Stull v. Cass County*, 51 Neb. 760. We then decided that, by failing to appear or prosecute error from the judgment of the justice until

after the case had been set down for trial and a judgment had been rendered against her on the merits, appellant could not question the jurisdiction of the district court to render such judgment. We are now of opinion that this ruling was wrong and cannot be sustained by either principle or precedent. Appellee contends, however, that the district court had the power to determine the question of its own jurisdiction, and, as no bill of exceptions was preserved upon the order of the court awarding the issuance and service of the so-called *nunc pro tunc* summons in error, the ruling upon that question, although it was erroneous, was not void, and that order or judgment cannot be reviewed. This would undoubtedly be true if any question of fact upon which jurisdiction' depended had been investigated and determined by the district court. *Perrine v. Knights Templar's and Masons' Life Indemnity Co.*, 71 Neb. 267. But in this case there was no disputed question of fact. Everything relating to the question of jurisdiction fully appeared on the face of the record, so that the question of jurisdiction was simply one of law. In such a case no finding or declaration of the court, if made in disregard of plain statutory provisions, will give it jurisdiction. A court cannot act *sua sponte*. "Some person must in some legal way invoke its action." 11 Cyc. 670. The test of jurisdiction is whether the tribunal had power to enter upon the inquiry, not whether its methods were regular, its finding right, or its conclusions in accordance with the law. *Johnson v. Miller*, 50 Ill. App. 60.

The provisions of our statute by which the district court was at that time given jurisdiction of proceedings in error from a judgment of a justice of the peace required the filing of a transcript, a petition in error in the district court, and the issuance of a summons within six months from and after the rendition of the judgment complained of, which must have been served upon the defendant in error. In the case at bar those provisions were never complied with, and therefore the district court had no

power to enter upon any inquiry in relation thereto, and any order or judgment made therein was absolutely void. So it may be said that up to the time the final judgment on the merits was rendered against appellant, the proceedings of the district court were *coram non judice* and void. *Bayrs v. Nason,* 54 Neb. 143; *Cavanaugh v. Smith,* 84 Ind. 380; *Wood Harvester Co. v. Dobry,* 59 Neb. 590. If this be true, then the court had no jurisdiction to render the last named judgment, and all of the proceedings were void, and such judgment may be assailed either directly or collaterally. *Johnson v. Parrotte,* 46 Neb. 51. In that case it was said: "A void judgment is in reality no judgment at all. It is a mere nullity. It is supported by no presumptions, and may be impeached in any action, direct or collateral." Indeed, upon this question there seems to be no conflict of authority. Upon the argument counsel for the appellee tacitly acknowledged the force of this declaration by contending that appellant at some time or place in the proceedings voluntarily entered her general appearance therein, and our attention is specially directed to a paper filed in the district court on the 5th day of December, 1904, which is claimed by counsel to be a general appearance, and which reads as follows (omitting title): "Comes now the defendant and appears specially and objects to the jurisdiction of the court over the person of the defendant herein for the following reasons: (1) Because the proceedings in error were not commenced and perfected herein within six months from and after the judgment which it is sought to have reversed, as required by law. (2) Because no summons in error was issued out of this court nor served within the time provided by law. (3) Because no summons in error has been issued herein, and more than six months have elapsed since the rendition of the judgment sought to be reversed, nor has summons in error or other notice of this proceeding been served or given defendant or her attorneys. (Signed) Mary Radil, Defendant, by F. W. Bartos, her attorney." That this does not amount to a general appearance con-

ferring jurisdiction on the district court seems clear. It directs the attention of the court to its want of jurisdiction, and should have been, and must be, treated simply as a special appearance. It is proper to state that we have searched the record and are unable to find anything therein which even resembles a general appearance on the part of the appellant, while, on the other hand, it appears that she at all times and places challenged and denied the jurisdiction of the court, and stood and relied on her special appearance.

We are therefore of opinion that the district court was without jurisdiction of the so-called proceedings in error, and all of its orders and judgments therein are void.

For the foregoing reasons, our former judgment is vacated, the judgment of the district court is reversed and the proceedings therein are dismissed.

REVERSED AND DISMISSED.