JOHN H. RUWE ET AL., APPELLEES, V. SCHOOL DISTRICT NO. 85 OF DODGE COUNTY, APPELLANT.

FILED FEBRUARY 6, 1931. No. 27507.

*John F. Rohn* and *C. M. Heine,* for appellant.

*Abbott, Dunlap & Corbett, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly and Day, JJ.

Rose, J.

This is a controversy over a change in the boundary between school district 43 and school district 85, Dodge county. March 6, 1929, the county superintendent, county clerk and county board of Dodge county made an order separating a quarter section of land from district 43 and attaching it to district 85 on petition of the latter which included the village of Winslow. John H. Ruwe and George Wenke, residents, electors and owners of property in district 43, had protested against the change and they subsequently prosecuted in the district court for Dodge county a proceeding in error in which they were plaintiffs and school district 85 was defendant. In making the order changing the boundary between the districts the county tribunal acted under legislation providing:

"When any school district has only three sections of land or less than three sections of land, the county superintendent, county clerk and county board shall have authority and it shall be their duty, upon petition of the district board or board of education of such school district, to make such changes in the boundaries of such district and of any or all districts contiguous thereto as in their judgment will be just and equitable." Comp. St. 1922, sec. 6267; Comp. St. 1929, sec. 79-130.

The proceedings and order of the county tribunal were challenged as erroneous and void on the ground, among others, that the enactment quoted is unconstitutional as violative of the state and federal Constitutions providing that no person shall be deprived of property without due process of law. Nebraska Const. art. I, sec. 3; U. S.

Const. Amend. XIV, sec. 1. In the proceeding in error, plaintiffs took the position that the statute, without requiring notice to any one, purported to confer on a tribunal composed of the county superintendent, county clerk and county board judicial power to separate territory from one school district and attach it to another, thus violating the due-process clause of the state and federal Constitutions. On the other hand, defendant contended that the power under which the body composed of county officers acted was legislative, and that therefore notice was not essential, though given by newspaper publication in the present instance.

Upon a trial of the issues raised by the pleadings the district court decreed that the legislation in question and the order of the county tribunal were void; that the boundary was not changed and that the quarter section of land involved was not separated from district 43 and attached to district 85. Defendant appealed.

The competency of plaintiffs to question the constitutionality of the legislation assailed by them is challenged by defendant on the ground that the changing of the boundary between the districts left their lands in district 43—the former situs. The position does not seem to be well taken. Each school district was regularly organized with definite boundaries and conducted a public school in its own schoolhouse with money raised by taxation. In district 43 the basis of the levy for school purposes in 1929 was three mills on the dollar and six mills on the dollar in district 85. The order detaching a quarter section of land from district 43 and annexing it to district 85, if allowed to stand, would increase the school taxes on the lands of plaintiffs who are residents, electors and taxpayers in district 43 which was thus reduced in size. To some extent, therefore, the order of the county tribunal increased the financial burden of plaintiffs. If property interests were thus unlawfully invaded by public officers acting under void legislation, plaintiffs, who made a timely protest against the wrong, had a right to invoke the pro-

tection of the court. A recent statement of the principle reads as follows:

"A taxpayer may not question the constitutionality of a statute which does not affect him; but may attack the validity of a statute exempting persons or property from taxation, or of a statute the enforcement of which would impose on him an additional financial burden, however slight." 12 C. J. 764, sec. 181. See, also, *Ellingham v. Dye,* 178 Ind. 336, 413.

Is the section quoted unconstitutional as authorizing the county tribunal to exercise judicial power without notice to persons pecuniarily affected? Due process of law requires notice and an opportunity to be heard, where financial burdens are necessarily imposed on property owners by an exercise of judicial power pursuant to specific terms of a statute. Whether the county tribunal was required to act judicially in determining the facts and equities essential to an order detaching a quarter section of land from district 43 and annexing it to district 85 depends upon the language of the legislature. While the establishing of boundaries of public school districts for school purposes is a legislative function, the legislature may confer on public boards or courts judicial power to determine the facts and equities under which legislation authorizes changes in such boundaries. *City of Wahoo v. Dickinson,* 23 Neb. 426; *Winkler v. City of Hastings,* 85 Neb. 212; *Searle v. Yensen,* 118 Neb. 835. A recent opinion contains the following language:

"The fixing of boundaries of a political subdivision of a state into counties or districts for public purposes is a legislative function. The legislature may authorize the organization of districts for public purposes by other governmental bodies, and the proceeding may be proposed or initiated by private individuals. Where the latter course is pursued, there must be some provision for determining whether the particular district is for the public health, convenience or welfare, and a means by which an aggrieved property owner, whose property is injuri-

ously affected, may have his rights judicially determined." *Elliott v. Wille,* 112 Neb. 78, 89.

With these rules of law in mind, did the legislature attempt to delegate to the county tribunal judicial power as a condition of changing school district boundaries? "When any school district has only three sections of land or less," say the legislators, boundaries may be changed by the officers comprising the county tribunal. This is a condition requiring the determination of a fact essential to the exercise of the power granted or to the performance of the duty imposed. A petition is another prerequisite to the exercise of the power granted—a pleading commonly used to invoke judicial power. Only such boundary changes can be made by the county officers "as in their judgment will be just and equitable." These terms and conditions imply duties and powers of a judicial nature. The exercise of general legislative power does not necessarily require a petition or the finding of a fact or the making of an order that, in the judgment of lawmakers, "will be just and equitable." The tribunal composed of the county superintendent, county clerk and county board was required to exercise judicial functions as conditions of exercising the powers granted and of performing the duties imposed. No other interpretation of the language used by the legislature is permissible. Since there was no statutory provision for notice to those whose financial burdens would necessarily be increased by the exercise of judicial power, or for a hearing, the section violates the due-process clause of the state and federal Constitutions and is, therefore, unconstitutional and void. The trial court so held and the judgment below is

AFFIRMED.