GEORGE E. SCHUTTE, APPELLEE, V. LEO J. SCHMITT ET AL.,
APPELLANTS.

75 N. W. 2d 656

Filed March 16, 1956.   No. 33808.

*Robert D. Moodie,* for appellants.

*Kerrigan & Flory,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from a decree of the district court for Cuming County holding section 79-420, R. R. S. 1943, as amended by the 1953 Legislature, unconstitutional; holding an order of the State Superintendent of Public Instruction, made pursuant to and under authority thereof, void; and permanently enjoining the school board of school district No. 55 and the officials of Cuming County from performing certain of their official duties

as they relate to assessing and levying taxes on appellee's lands for the support of the public schools in school district No. 55 in Cuming County, Nebraska.

Appellee, George E. Schutte, was a resident and elector of school district No. 12 in Cuming County, Nebraska, owning approximately 266 acres of land located therein. The 1953 Nebraska Legislature, effective as of September 14, 1953, amended section 79-420, R. R. S. 1943. As amended it reads as follows: "When for a period of one school term a district (1) shall have less than three legal voters residing therein, (2) shall fail to maintain a public elementary school within the district, in which are enrolled and in regular attendance for at least one hundred sixty days one or more pupils of school age residing in the district, or (3) does not contract for the tuition and transportation of pupils of such district with another district or districts and have pupils attending school regularly under such contract or contracts, it shall be the duty of the county superintendent of the county in which such district lies to dissolve such district and attach the territory of such district to one or more neighboring school districts. The county superintendent shall distribute the assets of the closed district among the other districts to which the property has been attached in proportion to the assessed valuation of the property attached to each district or districts. If the county superintendent fails to act as directed, then the Superintendent of Public Instruction shall be empowered and it shall be his duty to act." § 79-420, R. S. Supp., 1953.

By letter dated August 16, 1954, the State Superintendent of Public Instruction notified the officers and board members of school district No. 12 that:

"Pursuant to the authority delegated to me by this law (section 79-420, R. S. Supp., 1953), I am dissolving your School District No. 12 and attaching it in its entirety to School District No. 55, Cuming County.

"All of the assets of your school district, including the

school building, its contents, the money on hand in your district treasury, and the money on hand credited to your account in the office of the County Treasurer will automatically become the property of School District No. 55. The last action of the school board members of your district will be for you to write an order on your district treasury for the amount of the money that you have in your district treasury payable to the treasurer of School District No. 55.

"This dissolution is effective as of Saturday, August 14, 1954."

On November 23, 1954, appellee brought this action in the district court for Cuming County against the members of the school board of district No. 55 and the county treasurer, county superintendent, county assessor, and county clerk of Cuming County.

Appellants demurred to appellee's petition on three grounds: (1) A defect in parties defendant; (2) that appellee (plaintiff) had an adequate remedy at law; and (3) because the petition failed to state a cause of action. The trial court overruled this demurrer and, appellants having elected to stand thereon, entered the decree already referred to. Appellants thereupon filed a motion for new trial and this appeal is from the overruling thereof.

Was the State Superintendent of Public Instruction a necessary party? No affirmative relief was sought against him or with reference to any duty or duties of his office. He would undoubtedly have been a proper party if the appellee had desired to make him such. See Alston v. School Board of City of Norfolk, 112 F. 2d 992, 130 A. L. R. 1506. However, a public officer who has acted under and pursuant to an unconstitutional statute is not a necessary party to an action brought to enjoin those public officers whose duty it is to carry out such order when no relief of any kind is sought against the former. As stated in Williams v. Fanning, 332 U. S. 490, 68 S. Ct. 188, 92 L. Ed. 95: "* * * the

superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him."

And in Oliver v. Jersey City, 63 N. J. Law 634, 44 A. 709, 76 Am. S. R. 228, 48 L. R. A. 412, the court said: "* * * where an action is instituted the object of which is only to determine the validity of the act or thing done by an officer, and not involving his personal integrity or want of good faith, the officer himself is not a necessary party."

Did appellee have such an adequate remedy at law that injunction could not be maintained? The order of the State Superintendent of Public Instruction was undoubtedly a final order within the meaning of section 25-1902, R. R. S. 1943, and therefore reviewable by petition in error. § 25-1901, R. R. S. 1943. See, also, Cacek v. Munson, 160 Neb. 187, 69 N. W. 2d 692.

"As a general rule, an injunction will not be granted where the remedy at law for the injury complained of is full, adequate, and complete." 43 C. J. S., Injunctions, § 25, p. 450. See, also, Nickel v. School Board of Axtell, 157 Neb. 813, 61 N. W. 2d 566.

However, as stated in Radil v. Sawyer, 85 Neb. 235, 122 N. W. 980: "A void judgment is in reality no judgment. It is a mere nullity. It is supported by no presumption, and may be impeached in any action, direct or collateral."

And, in Schafersman v. School District, 120 Neb. 673, 234 N. W. 791, we held injunction to be a proper remedy to prevent a school district or its officers from assuming jurisdiction over and taxing land in another school district under an unconstitutional statute. See, also, Nickel v. School Board of Axtell, *supra;* Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508.

We come then to the question, is section 79-420, R. S. Supp., 1953, unconstitutional? The Nebraska Constitution provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in

the title." Art. III, § 14, Constitution of Nebraska. The title to L. B. 455 provides insofar as here material that: "* * * to change the conditions under which a depopulated school district shall be attached to a neighboring district; to provide duties for the county superintendent and the Superintendent of Public Instruction; * * *." Laws 1953, c. 291, p. 988.

L. B. 455 deals with the subject of school laws and the language used, as it relates to section 79-420, R. R. S. 1943, fairly indicates the scope and purpose thereof.

Admittedly the state is supreme in the creation and control of the school districts of the state and may, as it thinks proper, modify or withdraw any of their powers or destroy such school districts without the consent of the residents thereof or even against their protest. Nickel v. School Board of Axtell, *supra;* School District No. 49 v. School District No. 65-R, 159 Neb. 262, 66 N. W. 2d 561.

The Legislature may delegate this authority provided it states the purpose for doing so and sets up reasonable standards to guide the agency which is to administer it. School District No. 39 v. Decker, 159 Neb. 693, 68 N. W. 2d 354; Nickel v. School Board of Axtell, *supra.* Such standards will be found in section 79-420, R. S. Supp., 1953.

The authority so delegated is legislative, not judicial, in character. As stated in Nickel v. School Board of Axtell, *supra:* "The fixing of boundaries of a political subdivision of a state into counties or districts for public purposes is a legislative function." And as stated in Rowe v. Ray, 120 Neb. 118, 231 N. W. 689, 70 A. L. R. 1056: "It is a rule of general recognition that the formation of municipal corporations, such as counties, cities, villages, school districts, or other subdivisions, and the fixing of the boundaries of such municipal corporations are legislative functions."

We said in Nickel v. School Board of Axtell, *supra:*
"Questions of public policy, convenience, and welfare,

as related to the creation of municipal corporations, such as counties, cities, villages, school districts, or other subdivisions, or any change in the boundaries thereof, are, in the first instance, of purely legislative cognizance and, when delegated to any public body having legislative power, any action in regard thereto does not come within the due process clause of either the state or federal Constitutions. See, Searle v. Yensen, 118 Neb. 835, 226 N. W. 464, 69 A. L. R. 257; Ruwe v. School District, supra (120 Neb. 668, 234 N. W. 789); Nebraska Mid-State Reclamation Dist. v. Hall County, supra (152 Neb. 410, 41 N. W. 2d 397); Seward County Rural Fire Protection Dist. v. County of Seward, supra (156 Neb. 516, 56 N. W. 2d 700).

"But when, as a condition to their creation or change, the public body to which such authority is delegated must find certain facts to exist upon which the Legislature has said depends its authority to declare such subdivision, or any change therein, to exist then the questions presented are of a quasi-judicial character. In such cases a hearing must be had to determine if such facts exist and proper notice thereof must be provided for and given to all parties interested therein. See, Searle v. Yensen, supra; Ruwe v. School District, supra."

The act requires that certain facts must exist before either the county superintendent or the State Superintendent of Public Instruction can act. The finding of such facts is of a quasi-judicial character. In such cases a hearing must be had to determine if such facts exist and proper notice thereof must be provided for and given to all parties interested therein. See, Art. XIV, § 1, of the Constitution of the United States; Art. I, § 3, of the Constitution of Nebraska.

As stated in Ruwe v. School District, 120 Neb. 668, 234 N. W. 789: "Due process of law requires notice and an opportunity to be heard, where financial burdens are necessarily imposed on property owners by an exercise of judicial power pursuant to specific terms of a

statute. Whether the county tribunal was required to act judicially in determining the facts and equities essential to an order detaching a quarter section of land from district 43 and annexing it to district 85 depends upon the language of the legislature. While the establishing of boundaries of public school districts for school purposes is a legislative function, the legislature may confer on public boards or courts judicial power to determine the facts and equities under which legislation authorizes changes in such boundaries. City of Wahoo v. Dickinson, 23 Neb. 426; Winkler v. City of Hastings, 85 Neb. 212; Searle v. Yensen, 118 Neb. 835." See, also, Watkins v. Dodson, *supra.*

As stated in Watkins v. Dodson, *supra:* "The indispensable elements of due process are a tribunal with jurisdiction, notice of hearing to the proper party, and an opportunity for a fair hearing according to applicable procedures. * * * The law must require notice and give a right and an opportunity to be heard."

Since section 79-420, R. S. Supp., 1953, contains no provision for notice to those whose financial burdens would necessarily be affected by the exercise of the power granted, or for a hearing, the statute violates the due process clause of both the state and federal Constitutions and is, therefore, unconstitutional and void. The same would be true of any order made by a county superintendent or the State Superintendent of Public Instruction pursuant to the authority therein granted to them.

Having come to the conclusion that the trial court was correct in holding section 79-420, R. S. Supp., 1953, to be unconstitutional because of the reasons hereinbefore set out we affirm its judgment so holding and also the balance of its decree which properly determines the legal effect of the order of the State Superintendent of Public Instruction and which enjoins the school board of school district No. 55 and the county officials of Cuming County from putting it into effect.

AFFIRMED.