## G. M. FOGG *et al v.* THE UNION BANK *et al.*

STATUTE LIMITING TIME AS TO BANKS. *Not a Statute of Limitations. Act of December 12, 1866, void.* The Act of December 12, 1866, entitled, "An Act to expedite the distribution of the effects of banks which have made or may make assignments among their creditors," is not a Statute of Limitations. The statute is unconstitutional and void.

### FROM DAVIDSON.

Appeal from the Chancery Court. S. D. FRIERSON, Chancellor.

R. McP. SMITH and JORDAN STOKES for Noteholders.

W. F. COOPER for Trustee.

TURNEY, J., delivered the opinion of the Court.

The Act of December, 12, 1866, entitled, "An Act

to expedite the distribution of the effects of banks which have made or may make assignments among their creditors," is not a Statute of Limitations.

Such statute bounds, circumscribes, limits, restricts. The Act before us has no such quality; but on the contrary, merely fixes a starting point, without restriction or limitation for the future. By it no time is fixed without which presentment for payment shall be made, and only the command that the time shall not be restricted to less than two years.

Embarrassed only by this limitation, it is made the duty of the trustee to fix the time, and that time so fixed, is to operate as a Statute of Limitations, leaving it dependent upon the peculiar temperament and disposition of the trustee, without regard to the interests of the bank, its stockholders or creditors.

One trustee might fix it at three, another at ten, and another at twenty years, and if the Act is a valid one, all parties in interest are bound. If it is argued that the Courts will interfere and control the action of the trustee in the event the evils indicated are likely to result, it is answered, we meet again precisely the same difficulty in the diversity of constitutions of Chancellors, and will have as many Statutes of Limitations as there are individual trustees or Chancery Divisions, subject to be changed with changes of incumbents. Such rules could not be the law of the land.

To be a valid law a Statute of Limitations must be fixed and arbitrary, applying equally to all the

people of the State or to all of a class, defining the outside or remotest period of time to which it is directed, and not merely fixing a minimum under which it shall not operate.

This statute makes the trustee both legislator and Judge. To him it is given to prescribe the time within which the creditor shall file or deposit his claim, and to him it is given to determine whether he has brought himself within the time, creating branches to the Legislative and Judicial Departments unknown to the Constitution.

The Act is an attempt on the part of the Legislature to delegate its law-making power to individuals, and is prohibited by the Constitution, of which the Legislature is the creature.

It is as competent for the Legislature to enact that each Court in the State shall declare what time shall bar the collection of a debt after a given period, as it was to have enacted this statute.

To do either is to create as many new Legislatures, with limited powers, as there are trustees or Courts. The statute is unconstitutional and void.

The decree of the Chancellor is affirmed and the cause remanded for further proceedings.