CITY OF HASTINGS V. JOSEPH H. HANSEN.

FILED APRIL 5, 1895. No. 6123.

1. **Municipal Corporations:** BOUNDARIES. What the boundaries of a municipal corporation are, where they are, and whether a particular piece of territory lies within or without the corporate limits of a municipality, are all matters for judicial determination; but the power to create municipal corporations and the power to enlarge or restrict their boundaries is a legislative one.

2. ———: ———: POWER OF COURTS. In the absence of express statutory authority, the courts of this state possess no jurisdiction to disconnect by decree any part of the territory of a municipal corporation at the suit of the owner of such territory.

3. ———: DISCONNECTION OF TERRITORY: CONSTRUCTION OF STATUTE. Section 101, chapter 14, Compiled Statutes, construed, and *held*, that the provisions of said section are not applicable to cities of the first class having less than twenty-five thousand inhabitants.

ERROR from the district court of Adams county. Tried below before BEALL, J.

*Tibbets, Morey & Ferris*, for plaintiff in error:

The power of the legislature over municipal boundaries is absolute and no inferior body has power to act, unless specially delegated by the legislature. (15 Am. & Eng. Ency. Law, 1002, 1003, 1023; Boone, Corporations, sec. 285; Dillon, Municipal Corporations [4th ed.], secs. 182, 183, 185; *City of Wahoo v. Dickinson*, 23 Neb., 430; *Maddrey v. Cox*, 11 S. W. Rep. [Tex.], 541.)

*F. P. Olmstead, contra.*

RAGAN, C.

On the 28th day of May, 1892, Joseph H. Hansen brought suit in equity in the district court of Adams

county against the city of Hastings. In this petition he alleged, in substance, that he was the sole owner and occupant of a sixty-acre tract of land included within the corporate limits of said city, and situated upon the border and within the boundary of said city; that said land had been within said city limits since the year 1886; that no part of said tract of land had ever been laid out into lots; that said land was too remote to be of use for city residence lots, and could not be used profitably for any other purpose than that of farming; that he had continuously occupied and cultivated said tract of land as his homestead since the year 1872, on which last date he pre-empted it under the laws of congress; that no public convenience or advantage, either of police, sanitary, or commercial interest, required that the corporate limits of said city should extend over said land, and that it was inequitable that said real estate should be subject to city taxes. The prayer of the petition was for a decree disconnecting said tract of land from the corporate limits of said city. To this petition the city interposed a general demurrer, which the district court overruled. The city electing to stand on its demurrer, the court entered a decree as prayed for in the petition, and the city has prosecuted error.

This action is based on section 101, chapter 14, Compiled Statutes, 1893, which reads as follows: " Whenever a majority of the legal voters of any territory within any city or village, and being upon the border and within the boundary thereof, shall petition the district court of the county in which said city or village is situated, praying to be disconnected therefrom, such petition shall be filed with the clerk of the court at least ten days prior to the first day of the term at which it is proposed to be held, and like proceedings shall be had thereon," etc. This section is section 101 of an act entitled "An act to provide for the organization, government, and powers of cities and villages," and which went into effect on the 1st day of September, 1879.

49

By the first section of that act all cities, towns, and villages in the state which contained more than fifteen hundred and less than fifteen thousand inhabitants were denominated cities of the second class. This first section was amended by the legislature February 14, 1881, so as to make all cities, towns, and villages containing more than fifteen hundred and less than twenty-five thousand inhabitants cities of the second class. The act of 1881 was again amended by the legislature on March 5, 1885, making all cities, towns, and villages containing more than one thousand and less than twenty-five thousand inhabitants cities of the second class. The plaintiff in error is not and was not governed by the said act of 1879 and its amendments at the time of the bringing of this action, and the provisions of said section 101 are applicable, and applicable only, to cities, towns, and villages containing more than one thousand and less than twenty-five thousand inhabitants which are denominated by said act of 1879 cities of the second class.

The legislature, by an act passed and approved March 14, 1889, created all cities in the state containing less than twenty-five thousand and more than eight thousand inhabitants into cities by the name "cities of the first class having less than twenty-five thousand inhabitants." By virtue of this act and its amendments the appellant became a city of the first class having less than twenty-five thousand inhabitants, and was such a city at the time of the bringing of this action. The said act of 1889 provided that the corporate limits of the new class of cities created thereby should remain as they existed theretofore, and neither said act, nor any of its amendments, contains any provision by which territory within the corporate limits of any such city can be disconnected by a decree of court at the suit of the owner, or owners of such territory. What the boundaries of a municipal corporation are, where they are, and consequently whether a particular piece of territory lies within

or without the corporate limits of a municipality, are all matters for judicial determination; but the power to create municipal corporations and the power to enlarge or restrict their boundaries are legislative powers; and it has been doubted if the legislature can pass a valid act giving the courts jurisdiction to disconnect by decree any part of the territory of a municipal corporation of the state merely at the suit of the owner thereof. However this may be, it is quite clear that the courts possess no such power independently of express statute. Since the statute on which this action is. based is not applicable to cities of the class to which plaintiff in error belongs, it follows that the court. was without jurisdiction to enter a decree disconnecting the property of the defendant in error from the territory of the plaintiff in error. The decree of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.