WILLIAM BISENIUS, APPELLEE, v. CITY OF RANDOLPH, APPELLANT.

FILED OCTOBER 22, 1908. No. 15,127.

1. Constitutional Law: JUDICIAL POWERS. Section 8978, Ann. St. 1907, does not delegate legislative authority to the courts. Said statute is valid, and may be enforced without violating article II, or section 1, art. III, of the constitution of Nebraska.

2. **Cities: ACTION TO DISCONNECT TERRITORY: DEFENSES.** In proceedings under section 8978 aforesaid, it is not a defense that the defendant is indebted upon its bonds or otherwise.

3. **Appeal: AFFIRMANCE.** Upon an appeal in an action under said statute, the judgment of the district court will be affirmed, unless it is made to appear that the trial judge committed an important mistake of fact or made an erroneous inference of fact or of law. *Michaelson v. Village of Tilden*, 72 Neb. 744; *Gregory v. Village of Franklin*, 77 Neb 62.

4. **Case Distinguished.** *City of Hastings v. Hansen*, 44 Neb. 704, distinguished.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Wilbur F. Bryant,* for appellant.

*Clarence B. Willey, contra.*

ROOT, C.

Defendant is a municipal corporation having more than 1,000 and less than 5,000 inhabitants. Plaintiff owns and occupies a tract of land containing about 150 acres within and contiguous to the boundary of said city, and also owns another parcel of real estate of about 60 acres in like situation, except that he does not reside thereon. Plaintiff brought this action under section 8978, Ann. St. 1907, to have said territory disconnected from the defendant corporation. In addition to alleging the foregoing facts, he stated that said lands were unplatted, and that at all times since their incorporation within defendant's boundaries had been, and now are, used exclusively for agricultural purposes, and that they receive no benefits in common with the platted portion of defendant, and were included and retained therein solely for the purpose of subjecting them to municipal taxation. Defendant demurred to the petition, for the reason, among other things, that the court did not have jurisdiction of the subject matter of the controversy, and later answered over, admitting plaintiff's ownership and residence, and denying all other allegations in said pleading. As a separate de-

fense defendant alleged that, while said real estate was within its corporate limits, bonds in the aggregate of $20,-000 were legally issued and sold by it for corporate purposes, and that said debt is now wholly unpaid; that to detach the said territory will impair the security pledged for the payment of said bonds, and an additional burden will thereby be laid upon the remaining property owners within said city limits; that the bonds are payable to bearer, and defendant does not know who now owns them. Plaintiff demurred generally to the second defense, and the demurrer was sustained. Upon a trial of the other issues, the court found for plaintiff, and disconnected said territory. Defendant appeals. We have been favored with exhaustive and helpful arguments by counsel, and thereby our labor has been materially lightened.

1. Defendant contends that the statute under which this action is prosecuted (section 8978, Ann. St. 1907) is unconstitutional and void because it attempts to vest the court with legislative and administrative power. In effect, it provides that one situated as is plaintiff may petition the district court to disconnect unplatted real estate from the city limits. A summons is thereupon issued and served as in a civil action. If a majority of all the members of the city council vote to disconnect said territory, the court enters a decree in conformity therewith, but, if the city desires to contest, it shall answer, and, if the court finds in favor of the petitioner, "and that justice and equity require that such territory, or any part thereof, be disconnected from such city or village, it shall enter a decree accordingly." With some slight amendments this law has been upon our statute book for 29 years, during which time the courts have assumed on many occasions the functions therein prescribed, and, unless the statute appears beyond all reasonable question to be unconstitutional, it ought not to be cut down at this late day. *Dean v. Borchsenius,* 30 Wis. 236. It is argued that the words "justice and equity" mean merely the dictate of right in accordance with some positive man-

date of the law; that the legislature does not direct the court to ascertain any fact or group of facts upon which the law by its operation will exclude the territory, but that the court under the statute may exercise legislative policy. We cannot agree with counsel. The court is certainly called upon to find, as a matter of fact, whether the lands described in the petition are unplatted and situate adjacent to the boundary of the city; whether the petitioners represent a majority of the resident electors of that territory; or, if the lands are unoccupied, whether the petitioner is the owner thereof.

In *City of Wahoo v. Dickinson,* 23 Neb. 426, in considering the preceding section of said statute, we held that the court had power in a proceeding instituted for the annexation of territory to a municipality to consider and determine whether that real estate would receive material benefits, and also whether justice and equity required such annexation. In *Village of Hartington v. Luge,* 33 Neb. 623, we again held that the district court had power to determine either or both of said propositions. No attempt was made in either of those cases to give legal definition to the words "justice and equity" as used in the particular statute. In *State v. Dimond,* 44 Neb. 154, speaking through Mr. Justice POST, we adopted from the opinion of Mr. Justice Mitchell in *State v. Village of Minnetonka,* 57 Minn. 526, a definition of the conditions essential to vest county commissioners with power to incorporate territory within a municipality; that is, such lands must "have some unity of interest with the platted portion, in the maintenance of a village government." And Mr. Justice POST continues in his opinion that the rule applied is not only reasonable, but safe and logical. In *City of Wahoo v. Tharp,* 45 Neb. 563, the definition given in *State v. Dimond, supra,* is adopted in the syllabus and applied to section 99, ch. 14, Comp. St. 1893. In *Village of Syracuse v. Mapes,* 55 Neb. 738, the opinion of Mr. Justice NORVAL recognizes said test in determining whether justice and equity call for the incor-

poration of any particular tract within the boundary of a municipal corporation. The consensus of the opinions is that the legislature only authorizes the annexation of territory, against the will of its owner, to a city of the second class or a village where the lands are urban in character and have some unity of interest with the platted portion in maintaining city or village government. It follows that in construing section 8978, *supra,* it should be considered that whenever unplatted lands within the boundaries of, and adjacent to, the corporate limits of such city or village are so situated that they do not have that unity of interest with the platted portion hereof, justice and equity dictate that they should be excluded therefrom. If the municipal authorities will not concede those facts, the district court, upon the landowner's application, may find whether they exist, and, upon a decision in favor of the individual, the law automatically works the desired change, the decree being the settled evidence of those facts. The legislature dictates the facts upon which the change' shall be made; and the court adjudges whether those facts exist in the particular case. The tendency of the courts of sister states is to uphold as constitutional like statutes. *Young v. Salt Lake City,* 24 Utah, 321; *Pelletier v. City of Ashton,* 12 S. Dak. 366; *Forysthe v. City of Hammond,* 142 Ind. 505, 516, 30, L. R. A. 576; *City of Burlington v. Leebrick,* 43 Ia. 252; *Henrico County v. City of Richmond,* 106 Va: 282; *City of Jackson v. Whiting,* 84 Miss. 163, 36 So. 611; *Morton v. Woodford,* 99 Ky. 367, 35 S. W. 1112; *Nash v. Fries,* 129 Wis. 120; *Village of Fairview v. Giffee,* 73 Ohio St. 183.

We have recently recognized the principle in *Barnes v. Minor,* 80 Neb. 189. Counsel cites and seems to rely on *City of Hastings v. Hansen,* 44 Neb. 704. The city of Hastings was governed by the act of March 14, 1889 (laws 1889, ch. 15), which did not provide for disconnecting territory from cities of the class thereby established. The general statements in the syllabus and in the opinion of Mr. Commissioner RAGAN, when applied to the subject

matter considered in that case, are not essentially mis-
leading. All that we decided in that case was that the
statute relating to the city of Hastings specifically pro-
vided that the limits and boundaries of all cities affected
thereby should be and continue as they had theretofore
existed, and did not make any provision for the diminu-
tion of that territory. So that, in the circumstances of
that case, for the courts to have assumed jurisdiction
would have been to usurp legislative power.

The case of *State v. Dimond*, 44 Neb. 154, and *Village of
Osmond v. Smathers*, 62 Neb. 509, do not, as counsel
argues, conflict with the actual decision in *City of Hast-
ings v. Hansen, supra.* In *State v. Dimond* we had oc-
casion to consider an entirely different statute from that
controlling us in the *City of Hastings* case, and Mr. Jus-
tice POST, on page 161 of said report, recognizes the prin-
ciple that protected the municipality in the *City of Hast-
ings* case: "We do not doubt the unlimited power of the
legislature, in the absence of constitutional restriction,
with respect to the boundaries of municipal corporations."
In *Village of Osmond v. Smathers, supra,* it will be no-
ticed that Mr. Chief Justice NORVAL justifies his opinion
by reference to *State v. Dimond, supra.* We did not hold
in *Village of Osmond v. Smathers, supra,* that a court of
equity had inherent power to change the boundaries of the
various municipalities within the state, but that, as the
statute had fixed the conditions upon which the authori-
ties might include land within a village or city of the
second class, a court would in a proper case, upon applica-
tion and notice, inquire and find whether those facts ac-
tually existed, and, if they did not, would grant the in-
dividual relief from a plain usurpation of power. *City of
Galesburg v. Hawkinson,* 75 Ill. 152, is cited as a proper
exposition of the principles that should control our de-
cision in the instant case. The Illinois case was examined
by Mr. Justice MAXWELL and disapproved in *City of
Wahoo v. Dickinson,* 23 Neb. 426. The opinion of Mr.
Justice MAXWELL has been extensively cited and approved

by the courts of sister states, and we have no inclination to discredit his reasoning. It was marked, as are most of his writings, with his strong appreciation for the practical, and has furnished a safe guide for the district courts during the past 20 years.

The evidence in this case does not conflict as to any material fact, and therefrom it appears that .plaintiff's realty forms two compact tracts of farm land aggregating over 200 acres, separated only by a road; that not only is this land not platted, but there intervenes between it and the platted portion of defendant unplatted real estate used for pasturage. None of the municipal improvements extend to plaintiff's said property, and he devotes said real estate to farming purposes exclusively. It appears in the record that at the time plaintiff purchased the land, eight years ago, it was within defendant's limits, but there is no evidence whatever to inform us under what circumstances defendant's boundaries were located so as to include this territory. Defendant proved that its water mains extend to within 200 feet of plaintiff's property; that it had expended considerable money in improving the highway which bisects his farm, and that, if plaintiff would agree to take electric lights, a wire to convey the current from its power house would be extended to his home. Notwithstanding this evidence, we are of opinion that the land under consideration does not have a unity of interest with the platted part of said city in the maintenance of municipal government, and that the district court ruled correctly in so finding. We are bound by those findings, unless it appears that the trial judge committed an important mistake of fact or an erroneous inference of fact or law, and that he has not done. *Michaelson v. Village of Tilden,* 72 Neb. 744; *Gregory v. Village of Franklin,* 77 Neb. 62.

2. It is argued that as defendant incurred $20,000 indebtedness during the time that plaintiff's land was within said corporation, and as said obligation is wholly unpaid, it is unjust and inequitable to permit said real estate to

escape taxation for the satisfaction of said debt. So far as the question between the municipality and plaintiff is concerned, the fact that the bonds of the city have been issued and sold, and the money applied to needed city improvements, can constitute no defense to this action. The money was no doubt legitimately and honestly expended, and the city has the proceeds in the form of public utilities, which every city and village in the state should own. The question whether plaintiff's land should be released from this burden or not is one which might be of importance to the holders of the bonds of the city, and, as they are not parties to this action, their rights cannot now be determined. The subject is, in the first instance, for the legislature. But the courts cannot pass upon the rights of parties interested unless they are made parties to the action. It necessarily follows that the statements contained in paragraphs 3 to 10, both inclusive, in said answer did not constitute a defense to the petition. *Richards v. Dagget,* 4 Mass. *534; *State v. City of Lake City,* 25 Minn. 404; *Town of Depere v. Town of Bellevue,* 31 Wis. 120; *Johnson v. City of San Diego,* 109 Cal. 468, 30 L. R. A. 178; *Miller v. City of Pineville,* 121 Ky. 211, 89 S. W. 261; *Commissioners of Laramie County v. Commissioners of Albany County,* 92 U. S. 310; *Gottschalk v. Becher,* 32 Neb. 653.

Complaint is made that the court erred in permitting plaintiff to introduce certain photographs in evidence. It appears from the other evidence that at least two of the three photographs correctly reproduce the appearance of said tracts. Whether the evidence is competent or incompetent is immaterial, as the case was tried to the court without a jury, and error cannot be predicated upon its admission. Furthermore, there is sufficient evidence to sustain the findings of the court without considering said photographs.

A careful consideration of the record and of all points argued before us satisfies us that the judgment of the district court should be affirmed, and we so recommend.

FAWCETT, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.