DAVE D. ROWE ET AL., APPELLANTS, V. JOHN I. RAY, COUNTY SUPERINTENDENT, ET AL., APPELLEES.

FILED JULY 9, 1930. No. 27520.

*Abbott, Dunlap & Corbett* and *J. F. Rohn*, for appellants.

*E. L. Mahlin, Courtright; Sidner, Lee & Gunderson* and *Fred H. Richards, Jr., contra.*

*C. E. Sandall, Reeder & Reeder, Charles F. Stroman* and *Patrick & Smith, amici curiæ.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

GOOD, J.

This is an action to enjoin the county superintendent of Dodge county from erecting a new school district out of territory lying outside of the boundaries of the city of Fremont but within the school district of Fremont. The trial court denied the injunction. Plaintiffs and interveners, joining with them, have appealed.

Before proceeding to a discussion of the questions involved, we deem it proper to call attention to the provisions of section 8608, Comp. St. 1922, which require a plaintiff to state in his petition the facts constituting his cause of action in ordinary and concise language, without repetition, and to the provisions of section 8615, Comp. St. 1922, which make a like requirement of defendant in setting forth his defense. Counsel for each of the parties have ignored these provisions. Their pleadings teem with a mass of irrelevant and immaterial matter. Such violations of the statutory rules of pleading needlessly tax the time and patience of the court.

This appeal requires us to determine the constitutionality of the second proviso in section 6582, Comp. St. 1922, as amended by chapter 88, Laws 1929, and whether plaintiffs

and interveners, joining with them, have a right in this proceeding to raise the constitutionality of such proviso.

Section 6582, Comp. St. 1922, prior to the amendment of 1929, provided for the organization of school districts, embraced within the corporate limits of cities and villages, together with territory outside of and adjacent to the boundaries of the city or village; provided that such district, when organized, should be a body corporate and possess the usual powers of a corporation for corporate purposes; that it might sue and be sued in its corporate name; and vested in such districts the title to the school buildings and other property, real and personal, owned by any school districts, within the corporate limits of such city or village. This section contained a proviso to the effect that any territory, not included in the corporate limits of the city or village, and containing territory or sufficient school children to constitute a school district, might, by petition, signed by a majority of the legal voters of said territory and by a majority of the board of education of the school district of the city or village, be by the county superintendent erected into a separate district. In 1929 the section was amended by adding another proviso in words following: "Provided, further, that whenever there shall be within such territory (meaning that part of the school district outside of the city or village) a tract comprising the equivalent of at least four sections of land contiguous, with an assessed valuation of not less than $200,000, and the original district shall, exclusive of such tract, contain not less than 2,000 inhabitants, and property of the assessed valuation of not less than $2,000,000, it shall be mandatory upon the county superintendent to erect such tract into a separate school district whenever there is filed for that purpose a petition signed by not less than three-fourths of the legal voters of such tract." Laws 1929, ch. 88.

Plaintiffs are the members of the board of education of the school district of Fremont in Dodge county. Certain resident taxpayers of such district intervened and joined with the plaintiffs in their demands, while other resident taxpayers of the territory, sought to be incorporated into

a new district, intervened and joined in the defense. The county superintendent took a neutral position and was willing to do whatever the court decided was his legal duty.

The school district of Fremont (hereinafter called the parent district) includes within its boundaries the city of Fremont, and approximately 6,500 acres of land adjacent thereto and entirely surrounding the city. A petition was presented to the county superintendent, demanding that a tract, therein described and lying outside the boundaries of Fremont, and which contained more than the equivalent of four sections of land and having an assessed valuation of more than $200,000, be erected into a separate school district. It is conceded that the petition was signed by more than 75 per cent. of the legal voters residing on the tract described in the petition, and also that the parent district, exclusive of the territory sought to be erected into a new district, has an assessed valuation in excess of $2,000,000 and a population of more than 2,000. The petition presented to the county superintendent complies with all the terms and conditions of the proviso. If said proviso is valid legislation, then it was the mandatory duty of the county superintendent to erect the territory into a new district and to call an election for the selection of school officers in such district.

The constitutionality of the proviso is attacked on many grounds. We need consider but one, namely: Does the proviso attempt to confer legislative authority upon private individuals, contrary to the provisions of section 1, art. II, and of section 1, art. III, of the Constitution?

It is a rule of general recognition that the formation of municipal corporations, such as counties, cities, villages, school districts, or other subdivisions, and the fixing of the boundaries of such municipal corporations are legislative functions. Among the decisions of this court which recognize this rule are: *City of Wahoo v. Dickinson*, 23 Neb. 426; *State v. Dimond*, 44 Neb. 154; *City of Hastings v. Hansen*, 44 Neb. 704; *Bisenius v. City of Randolph*, 82 Neb. 520; *Winkler v. City of Hastings*, 85 Neb. 212; *Elliott v. Wille*, on rehearing, 112 Neb. 86.

The legislature may enact general laws providing for the incorporation of municipal corporations, such as cities, towns, villages and school districts, and it may provide the conditions on which such municipal corporations may be created, and leave to some officer or official body the duty of determining whether the prescribed terms and conditions exist, and, when found to exist, the law directs the creation of the municipal corporation. The legislature may also prescribe and fix the terms and conditions on which such a law may come into operation. It may, by law, provide that two school districts may merge and become one, upon a vote of the electors of the two districts. It may and does authorize one city to annex an adjacent suburb or village upon a majority vote of the electors thereof, and by the consent of the municipal authorities of the larger city. In all such cases the legislative function has been performed. The legislature, in those cases, has fixed the terms and conditions on which an electorate, which is definite and certain, may determine whether the act of the legislature shall become operative. Does the proviso under consideration come within the rule thus announced? To determine this question, let us see what may be done under the proviso.

The parent district contains the equivalent of ten sections of land outside the boundaries of the city of Fremont. If the proviso is valid, then any number of individuals in the territory in that part of the district lying outside the city may, by petition, cause a new school district to be erected which will contain the equivalent of more than nine sections of land, and, by manipulation of the boundaries, can eliminate 95 per cent. of the voters residing on the nine sections, and who would be affected by such action. In fact, two or three electors, if they so desired, could compel the creation of a new district embracing the whole territory of the district outside the city, except very small tracts on which residences were situated, and which would comply with the terms of the proviso, and such new district might have no more than two or three families residing therein. They could leave to the parent district the territory within the city limits, with, possibly, 50 or 75 small detached

tracts, outside of the city and wholly disconnected from each other and the city, which would still belong to the parent district. The proviso does not comply with the rule that the legislature may prescribe the conditions upon which a district may be created and leave it to those who are interested and affected thereby to determine, by vote or petition, whether they will bring the law into operation and create a new district. It may be said that this is not the situation presented by the facts in this case, but it must be remembered that the validity of the act does not depend upon what has been done, but upon what the act authorizes and by what may be accomplished under it. *Elliott v. Wille, supra.* By the proviso in question the legislature has attempted to delegate to a few petitioners the power to fix the boundaries of a new district and to determine the electorate to pass upon its creation. Under the circumstances, there is a clear attempt to delegate to private individuals legislative functions.

That the legislature may not delegate to private persons a legislative function is abundantly established by authority. *Elliott v. Wille, supra;* 1 Cooley, Constitutional Limitations (8th ed.) p. 224 *et seq.;* 6 R. C. L. 164, sec. 165; 12 C. J. 842, sec. 327; *City of Hutchinson v. Leimbach,* 68 Kan. 37, 63 L. R. A. 630; *Commissioners of Wyandotte County v. Abbott,* 52 Kan. 148; *Morton v. Holes,* 17 N. Dak. 154; *Middleton v. Texas Power & Light Co.,* 178 S. W. (Tex. Civ. App.) 956; *Owensboro & N. R. Co. v. Todd,* 91 Ky. 175; *Fogg v. Union Bank,* 60 Tenn. 435, 437; *Shumway v. Bennett,* 29 Mich. 451; *Winters v. Hughes,* 3 Utah, 443.

Counsel for defendants have particularly stressed the case of *State v. Auer,* 197 Wis. 284. A reading of the opinion would lead one to believe that that court had reached a conclusion entirely opposite to the view herein expressed. An examination of the Wisconsin statute, however, discloses that it provides for a board of appeals, and that any person aggrieved by the formation of the district has the right to appeal to the board, and this official body is authorized to correct and change the boundaries of the district, if it finds that any injustice has been done. Thus, it will

be seen that the formation of a district was not left alone to self-selected petitioners to fix the boundaries and determine the electorate.

Counsel for defendants argue that plaintiffs, who constitute the board of education of the school district of Fremont, and other taxpayers of the district who have intervened and joined with them are not in a position to raise the question of the constitutionality of the proviso. The point is not well taken. The law vests in the board of education title to and power and control over all the school property within and belonging to the school district of Fremont. If any one should attempt to interfere with this property, to destroy or carry it away, it certainly would be the legal duty of the board of education to protect and preserve the property belonging to the district. In the instant case, the proviso is void, as we have already found, and any attempt, on the part of the proposed new school district, to take any of the property of the parent district would be without authority and a wrongful act. The plaintiffs are clothed with authority to protect the rights of the school property belonging to the parent district, and have a right to maintain this action.

Other questions are presented and argued, but the conclusion which we have reached on those already discussed renders it unnecessary to consider them.

It follows that any attempt, on the part of the county superintendent, to erect a new district out of the territory comprised within the parent district is without authority.

The judgment of the district court is reversed and the cause remanded, with directions to enter judgment for plaintiffs in conformity with this opinion.

REVERSED.